The STATE of Texas, Appellant,

v.

Guillermo YBARRA, Appellee.

No. 13–95–205–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 24, 1996.

Discretionary Review Granted June 4, 1997.

Theodore C. Hake, Asst. Criminal District Attorney, Rene Guerra, District & County Attorney, Edinburg, for Appellant.

Santos Maldonado, Jr., Pharr, Dorina Ramos, McAllen, for Appellee.

Before DORSEY, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

The State of Texas appeals the granting of Guillermo Ybarra's application for writ of habeas corpus and dismissal of prosecution with prejudice. By a single point of error, the State contends Ybarra did not present a sufficient factual basis to support his application and the trial court ignored controlling case law.

The State indicted Ybarra for aggravated sexual assault and indecency with a child. Ybarra applied for a writ of habeas corpus claiming the case should be dismissed because the indictment was returned in violation of Article 32.01 of the Texas Code of Criminal Procedure. Article 32.01 provides:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

TEX.CODE CRIM.PROC.ANN. art. 32.01 (Vernon 1989).

According to the statute, a defendant who is arrested or released on bail must be indicted by the grand jury within its next term of court unless the State can show good cause for its failure to bring a timely indictment. Ybarra's application for writ of habeas corpus averred that he was arrested on October 7, 1993 and not indicted until August 4, 1994, ten months later. Two terms of the court had expired. The State did not file a response to Ybarra's application; and, at the hearing, the State did not contest the dates alleged by Ybarra, or attempt to show good cause for its delay. Instead, the State challenged the case law cited by Ybarra in support of his interpretation of article 32.01.

Nevertheless, by its first point of error, the State contends that the trial court erred in dismissing the case because Ybarra failed to present evidence establishing the date he was arrested or admitted to bail, and evidence verifying the term of the court that returned the indictment.

The State argues that defense counsel's statement that Ybarra's arrest "occurred back in October of '93" is inadequate proof of appellant's date of arrest. The State also maintains that appellant failed to recite the statute which mandates the terms of the district courts in Hidalgo County.[1]

■ The burden of proof in a habeas corpus hearing is on the petitioner. *Ex parte Plumb*, 595 S.W.2d 544, 545 (Tex.Crim. App.1980); *Ex parte Zavala*, 900 S.W.2d 867, 870 (Tex.App.—Corpus Christi 1995, no pet.). When reviewing the decision of the trial court, we review *the record*, as it existed before the trial court at the habeas hearing; and we review that decision in the light most favorable to the ruling to determine whether the trial court abused its discretion in grant-

1. TEX.GOV'T CODE ANN. §§ 24.194(c), 24.195(b), 24.241(b), 24.385, 24.452, 24.478, & 24.515 (Vernon 1988) cover the seven district courts in Hidalgo County. All sections similarly state that these district courts shall hold terms that commence on the first Mondays in January and July of each year.

ing relief. *See Galvan v. State*, 869 S.W.2d 526, 528 (Tex.App.—Corpus Christi 1993, pet. ref'd); *Woodson v. State*, 777 S.W.2d 525, 527 (Tex.App.—Corpus Christi 1989, pet. ref'd). Our review is not limited to testimony and evidence adduced at the hearing.

The indictment had the following typed annotation on the line below the grand jury foreperson's signature:

No. CR–1511–94–F Arrest Date: 10/7/93 Agency: Alamo PD
By: DM Case No. I–94–8510 Bond: $25,000

Thus, in addition to the statement in Ybarra's application that he was arrested on October 7, 1993 and defense counsel's statement to the court that Ybarra was arrested in "October of '93," the court had the indictment which indicated the day of his arrest as "10/7/93," and it heard nothing from the State to suggest otherwise. We conclude that the trial court did not abuse its discretion in finding that Ybarra was arrested on October 7, 1993.

As for the State's complaint that Ybarra failed to identify the court which indicted him and cite the term of the court, the State cites no authority, and we find none, which mandate reversal for such an omission. In light of the facts that (1) the indictment states the Ybarra was indicted by the "GRAND JURY, for the County of Hidalgo, State of Texas, ... at the July Term A.D.1994," and (2) all seven district courts in Hidalgo County have the same statutorily defined terms of court, we find that the particular court term was established as a matter of law. Accordingly, we overrule the State's first point of error.

By its second and third points, the State argues that the trial court incorrectly relied on *Nguyen v. State*, 882 S.W.2d 471 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) as authority for its decision rather than on *Tatum v. State*, 505 S.W.2d 548 (Tex. Crim.App.1974). The substance of the State's complaint is that, according to *Tatum*, article 32.01 has no application once an indictment is returned, even though it is returned by a grand jury at a subsequent term of court. *Tatum*, 505 S.W.2d at 550.

In *Tatum*, the defendant was arrested during the August 1970 grand jury term and not indicted until the August 1972 term. The defendant claimed that the indictment should be dismissed based on article 32.01. The Texas Court of Criminal Appeals held that the trial court properly denied the defendant's request because article 32.01 has no application once an indictment is returned, even though it is returned by a grand jury at a subsequent term of court. *Id.* The court further held that the defendant's proper remedy would have been to seek dismissal before the indictment was issued. *Id.*

Courts which have followed *Tatum* include *Wilkinson v. State*, 899 S.W.2d 20 (Tex. App.—San Antonio 1995, pet. ref'd) (holding that the "key for the accused but unindicted is to seek and obtain a ruling on an article 32.01 motion prior to indictment"); *Uptergrove v. State*, 881 S.W.2d 529 (Tex.App.— Texarkana 1994, pet. ref'd) (return of indictment precludes reliance on article 32.01); and *Garay v. State*, 683 S.W.2d 21 (Tex. App.—Waco 1984, pet. ref'd) (article 32.01 inapplicable when application filed before indictment).

*Nguyen*, on the other hand, involved a defendant who was not indicted prior to the trial court's ruling on his application for dismissal based on Article 32.01. Thus, the State correctly argues that *Nguyen* is factually distinguishable from the present case. However, we find *Nguyen* germane to Ybarra's argument to the extent that *Nguyen* emphasizes the enforcement role of article 28.061 of the Texas Code of Criminal Procedure.

Article 28.061 provides as follows:

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article *or Article 32.01* of this code is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction, other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute. .

TEX.CODE CRIM.PROC.ANN. art. 28.061 (Vernon 1987) (emphasis added).

This current version of Article 28.061 was not in effect when *Tatum* and *Garay* were handed down. At the time, Article 28.061 read as follows:

> If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial as *required by Article 32A.02* is sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged or for any other offense arising out of the same transaction.

Act of July 1, 1978, 65th Leg., R.S., ch. 787, 1977 Tex.Gen.Laws 1970 (emphasis added), *amended by* Act of June 1, 1987, 70th Leg., R.S., ch. 383, 1987 Tex.Gen.Laws. 1885. The statute served solely as an enforcement mechanism for article 32A.02, the Speedy Trial Act, and did not include a provision for a dismissal with prejudice for a violation of article 32.01. *Norton v. State,* 918 S.W.2d 25, 28 (Tex.App.—Houston [14th Dist.] 1996, no pet.). Instead, the State could refile charges after a trial court dismissed a case pursuant to article 32.01, and the defendant was only provided a temporary dismissal of charges. *Id.* Within that legal context, the rationale for *Tatum* and *Garay* may have been that once the effort to obtain an indictment was expended, it was no longer reasonable to dismiss a case and thereby require that the effort to indict be duplicated after refiling. *Id.* (*citing Garay,* 683 S.W.2d at 22).

Since the passage of the 1987 amendment to article 28.061, two courts have held that the *Tatum* rationale no longer applies since a case is now dismissed with prejudice, via 28.061, if the indictment is not timely under article 32.01. *See Norton,* 918 S.W.2d at 28; *Ex parte Knight,* 904 S.W.2d 722, 725 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) (refusing to apply the old rule which precluded relief under article 32.01 when an indictment is obtained prior to the hearing on the accused's application for writ of habeas corpus).

We believe *Norton* and *Knight* were correct in their application of article 28.061 and conclude that the trial court in this case did not abuse its discretion in granting habeas corpus relief and dismissing Ybarra's indictment with prejudice as a result of the State's failure to file an indictment timely.

The judgment of the trial court is AFFIRMED.