**Eliazar Charlie LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 03–97–00661–CR**

Court of Appeals of Texas,
Austin.

Feb. 11, 1999.

Larry O. Rasco, San Marcos, for Appellant.

Charles R. Kimbrough, Crim. Dist. Atty., Lockhart, for State.

Before Justices JONES, YEAKEL and ONION.*

JOHN F. ONION, Jr., Justice (Retired).

Appellant Eliazar Charlie Lopez was convicted by a jury of two offenses of aggravated sexual assault based on a two-count indictment. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3620–21 (Tex. Penal Code § 22.02(a)(1)(B)(i)(iii), (2)(B)).[1] The trial court assessed punishment at 45 years' imprisonment in each case with the sentences running concurrently.

---

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

## Points of Error

Appellant does not challenge the sufficiency of the evidence to sustain the convictions. He advances two points of error. First, he claims that the "trial court erred when it failed to dismiss the cause for violation of Texas Code of Criminal Procedure article 32.01 which requires timely indictment of the accused." Second, appellant urges that the trial court abused its discretion by allowing evidence of appellant's prior convictions to be presented at the guilt/innocence stage of the trial.

## Timely Indicted?

Appellant was indicted on January 6, 1996, in the 22nd Judicial District Court. Both offenses were alleged to have occurred on June 10, 1995. Appellant *asserts* in his brief that he was arrested on June 25, 1995, and shortly thereafter was released on bail. Appellant's jury trial commenced on August 25, 1997. On that date appellant filed a "motion to set aside indictment for failure to afford constitutional right to speedy trial." In the motion, appellant cited both the federal and state constitutional provisions as to the right of a speedy trial and included an additional reference to article 32.01 of the Texas Code of Criminal Procedure. After the jury was selected, the trial court conducted a hearing on the motion. Appellant offered no evidence. The hearing consisted of legal argument about the application of article 32.01. At the conclusion of the hearing, the trial court held that the motion, being presented after indictment, came too late, but in a secondary ruling held that the State by affidavit had shown good cause for the delay.

Appellant now urges such action was error. He relies upon the version of article 32.01 in effect at the time of the offense

---

1. Amended by Act of May 29, 1995, 74th Leg., R.S. ch. 318, § 17, 1995 Tex. Gen. Laws 2734, 2737, since amended by Act of May 28, 1997, 75th Leg., R.S., ch. 1286, § 2, 1997 Tex. Gen. Laws 4911.

and the return of the indictment which provided:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 441. The present version of article 32.01 is applicable only to offenses after May 26, 1997. *See* Tex.Code Crim. Proc. Ann. art. 32.01 (West Supp.1999) (Act of May 12, 1997, 75th Leg., R.S., ch. 289, §§ 2, 4, 1997 Tex. Gen. Laws 1304).

The terms of the 22nd Judicial District Court of Caldwell County commence on the first Monday in March, June, September, and December of each year. *See* Tex. Gov't Code Ann. § 24.123(c)(1) (West 1988).[2] Appellant asserts that he was arrested on June 25, 1995, and that a violation of Article 32.01 occurred when he was not indicted by the last day of the September term of the 22nd Judicial District Court. He notes that the indictment was not returned until January 6, 1996, well into the December term of court.

Appellant contends that a violation of article 32.01 entitled him to a dismissal of the cause with prejudice because at the time article 28.061 of the Code of Criminal Procedure was the enforcement mechanism for such violations.

Article 28.061 in effect at the time provided:

> If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article or Article 32.01 of this code is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction, other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute.

Act of May 20, 1977, 65th Leg., R.S., ch. 787, § 4, 1977 Tex. Gen. Laws 1970, 1972 amended by Act of June 1, 1987, 70th Leg., R.S. ch. 383, § 1, 1987 Tex. Gen. Laws 1985.[3]

Article 28.061 was declared unconstitutional in *Meshell v. State*, 739 S.W.2d 246, 257 (Tex.Crim.App.1987). *Meshell* held that the Texas Speedy Trial Act (Tex.Code Crim. Proc. art. 32A.02) violated the separation of powers doctrine (Tex. Const. art. II, § 1). *Meshell*, 739 S.W.2d at 257. However, the legislature's 1987 amendment to article 28.061 after the Texas Court of Criminal Appeals' decision in *Meshell*, as set out above, made the statute a viable enforcement statute for article 32.01 since the statutory language included article 32.01 whereas the earlier version of article 28.061 had not. Article 28.061 was earlier declared unconstitutional only in its capacity as an enforcement mechanism for the Speedy Trial Act. The 1987 amended version survived *Meshell* insofar as it applied to article 32.01[4] prior to its 1997

---

2. Two other district courts have jurisdiction in Caldwell County. The 207th Judicial District Court's terms coincide with those of the 22nd Judicial District Court. *See* Tex. Gov't Code Ann. § 24.386(d)(2) (West 1988). The 274th Judicial District Court has six-month terms beginning the second Tuesdays in February and August each year. *See* Tex. Gov't Code Ann. § 24.451(b) (West 1988).

3. Article 28.061 has since been amended. *See* Act of May 12, 1997, 75th Leg., R.S., ch. 289, § 1, 1997 Tex. Gen. Laws 1304. The 1997 amendment is not applicable to appellant's case.

4. *See Nix v. State*, 882 S.W.2d 474, 475–76 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd).

amendment and is applicable to appellant's case if there was in fact a violation of article 32.01 at the time and prior to its 1997 amendment.

Article 32.01 and its forerunners have long been a part of the codes of criminal procedure in Texas. *See Ex parte Lerma,* 167 Tex.Crim. 5, 317 S.W.2d 751, 752 (Tex. Crim.App.1958); *Ex parte Johnson,* 142 Tex.Crim. 483, 154 S.W.2d 854, 855 (Tex. Crim.App.1941); *Payne v. State,* 109 Tex. Crim. 287, 4 S.W.2d 53, 54 (Tex.Crim.App. 1928). The version of the statute set out above as applicable to appellant's case has been held constitutional. *See Ex parte Mallares,* 953 S.W.2d 759, 762–63 (Tex. App.—Austin 1997, no pet.).

In 1974, the Court of Criminal Appeals held that article 32.01 had no application once an indictment is returned, although it is returned by a grand jury subsequent to the next term of court after the defendant was held to bail or detained in custody. *See Tatum v. State,* 505 S.W.2d 548, 550 (Tex.Crim.App.1974). At the time of *Tatum,* article 28.061 was not in existence.

Under the *Tatum* interpretation of Article 32.01, the State was free to refile the charges once the case had been dismissed under that statute. *See Fisk v. State,* 958 S.W.2d 506, 507 (Tex.App.—Texarkana 1997, pet. ref'd). The dismissal was without prejudice. Thus, the defendant was provided only temporary relief until the State refiled the charges. *See State v. Ybarra,* 942 S.W.2d 35, 38 (Tex.App.—Corpus Christi 1996), *pet. dism'd improvidently granted,* 977 S.W.2d 594 (Tex.Crim.App. 1998). The *Tatum* decision was a consistent interpretation of the statute by the Court of Criminal Appeals. *See Payne,* 4 S.W.2d at 54.

With the 1987 amendment to article 28.061 making it for the first time an enforcement mechanism for a dismissal under article 32.01, the various courts of appeals began to split as to the proper interpretation to be given to a dismissal under article 32.01. According to certain case law, further prosecution is barred when an accused is arrested or released on bail and is not indicted by the grand jury within its next term of court, unless the State can show good cause for its failure to bring a timely indictment. *See Ybarra,* 942 S.W.2d at 36. Certain appellate courts began to hold that the *Tatum* rationale no longer applied in light of the 1987 amendment to article 28.061. *See, e.g., Ex parte Lawson,* 966 S.W.2d 532, 535 (Tex.App.— San Antonio 1996, no pet.) (overruling *Wilkinson v. State,* 899 S.W.2d 20 (Tex.App.— San Antonio 1995, pet. ref'd)); *Ybarra,* 942 S.W.2d at 38; *Norton v. State,* 918 S.W.2d 25, 28 (Tex.App.—Houston [14th Dist.] 1996), *pet. dism'd improvidently granted,* 969 S.W.2d 3 (Tex.Crim.App.1998); *Ex parte Knight,* 904 S.W.2d 722, 725 (Tex. App.—Houston [1st Dist.] 1995, pet ref'd).

Other courts of appeals have continued to follow *Tatum* and hold that the proper remedy for the unindicted accused is to seek and obtain a ruling on an article 32.01 motion *prior* to indictment. *See, e.g., Steinmetz v. State,* 968 S.W.2d 427, 432 (Tex.App.—Texarkana 1998, no pet.); *Ex parte Barnes,* 959 S.W.2d 313, 320 (Tex. App.—Fort Worth 1997, pet. granted); *Fisk,* 958 S.W.2d at 509; *State v. Condran,* 951 S.W.2d 178, 191–92 (Tex.App.—Dallas 1997) (holding in part that the 1987 version of article 28.061 was unconstitutional), *pet. dism'd improvidently granted,* 977 S.W.2d 144 (Tex.Crim.App.1998); *Holleman v. State,* 945 S.W.2d 232, 235–36 (Tex.App.— Amarillo 1997, no pet.).

In *Ex parte Crowder,* 959 S.W.2d 732 (Tex.App.—Austin 1998, pet. ref'd), the applicant sought habeas corpus relief following indictment, using article 32.01 as the basis for his claim to the right of dismissal of the charge against him. This Court pointed out that by its express terms, article 32.01 is restricted to persons who are (1) restrained for an offense and (2) not charged by an indictment or information at the conclusion of the next term of court. Citing *Tatum,* we stated: "when Crowder first invoked article 32.01 *after* he was

indicted, however, he invoked a statute that no longer applied to his circumstances by its very terms—he was no longer restrained in the absence of an indictment or information." *Crowder,* 959 S.W.2d at 733. Habeas corpus relief was denied.

It does not appear that the Court of Criminal Appeals intends to resolve the split of authority between the courts of appeals. *See Condran,* 977 S.W.2d at 144–47 (Keller, J., dissenting); *Norton,* 969 S.W.2d at 3–4 (McCormick, P.J. and Keller, J. dissenting). Presiding Judge McCormick stated that the majority of the court believe that the issue was not worth reviewing in light of the 1997 amendments to article 32.01 and article 28.061, which now render article 28.061 inapplicable to a dismissal under article 32.01.[5] *See* Norton, 918 S.W.2d at 3. (McCormick, P.J., dissenting). The 1997 amendments were only applicable to an individual arrested after May 26, 1997, the effective date of the amendments. The former law remained in effect for arrest prior to that date. *See* Act of May 12, 1997, 75th Leg., R.S., ch. 289, § 4, 1997 Tex. Gen. Laws 1304.

■ It is clear that we must apply the law in effect at the time appellant was arrested. *See Fisk,* 958 S.W.2d at 509; *Ex parte Pena,* 955 S.W.2d 325, 327 (Tex. App.—San Antonio 1997, pet. ref'd). Therefore, we adhere to our decision in *Crowder* and find appellant did not timely

apply for relief under article 32.01. He did not file his motion until over 19 months after he was indicted. His circumstances after indictment did not entitle him to invoke article 32.01. *See Crowder,* 959 S.W.2d at 733.

■ Moreover, an examination of the appellate record fails to reveal the date of appellant's arrest or his bail bond. Appellant asserts in his brief that his arrest was on June 25, 1995, and that he made bond shortly thereafter. Assertions in an appellate brief not supported by the record will not be accepted as fact. *See Vanderbilt v. State,* 629 S.W.2d 709, 717 (Tex.Crim.App. 1981); *Miranda v. State,* 813 S.W.2d 724, 738 (Tex.App.—San Antonio 1991, pet. ref'd). Without this information, it is not possible to tell when the "next term" of court expired under the applicable version of article 32.01.[6] This is an additional reason that the trial court did not err in overruling appellant's motion. We do not need to reach the question of whether the State exhibited "good cause" for any delay that was the secondary ruling of the trial court. Appellant's first point of error is overruled.

### The Second Point of Error

Next, appellant asserts that the "trial court abused its discretion by allowing testimony of appellant's previous convictions

---

5. In May 1997, the legislature amended articles 28.061 and 32.01. *See* footnotes 1 and 3. Article 28.061 currently provides:

> If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge *under this article* is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction, other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged *does not* have the primary duty to prosecute.

Tex.Code Crim. Proc. Ann. art. 28.061 (West Supp.1999) (emphasis added).
 Article 32.01 now provides:
> When a defendant has been detained in custody or held to bail for his appearance

to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant *on or before the last day* of the next term of the court which is held after his commitment or admission to bail *or on or before the 180th day after the date of commitment or admission to bail, whenever date is later.*

Tex.Code Crim. Proc. Ann. art. 32.01 (West Supp.1999) (emphasis added).

6. We do know the offenses occurred on June 10, 1995 and that appellant was indicted on January 6, 1996.

to be presented as evidence in the guilt and innocence phase of the trial." Appellant appears to contend that he was improperly impeached while testifying in his own behalf. *See* Tex.R. Evid. 609.

On direct examination appellant denied both offenses charged. He stated that he had tried to be a father figure to the children of Mary Sanchez, the woman with whom he lived; that he had been "good" to all the children; that he had taken them to school and other activities; and that he had not molested any of them, including the complainant.

Before cross-examination, the prosecutor requested a "Rule 104"[7] hearing. After the jury had been removed, the prosecutor stated that appellant had "widely opened the door for impeachment past the usual parameters of Rule 609" by his testimony that he was "good" to the children and by his denial of molestation. Appellant's counsel objected that nothing offered by the defense opened the door to appellant's entire criminal record. The objection was overruled.

With appellant still on the witness stand, the prosecutor, for the purpose of the hearing, elicited from appellant that he had been convicted as follows:

 a. Driving While Intoxicated, Caldwell County, July 10, 1985

 b. Driving While Intoxicated, Caldwell County, September 11, 1985

 c. Driving While Intoxicated, Caldwell County, September 11, 1985

 d. Driving While Intoxicated, Felony, Caldwell County, September 8, 1987

 e. Driving With License Suspended, Caldwell County, December 8, 1987

 f. Driving While Intoxicated, Felony, Caldwell County, June 2, 1988

 g. Misdemeanor Assault, Caldwell County, November 20, 1995

 h. Misdemeanor Failure to Appear, Caldwell County, November 28, 1995

 i. Misdemeanor Assault, Caldwell County, February 12, 1997

While the various cause numbers of these convictions (including the two separate convictions on September 11, 1995) was established by appellant's testimony, no record evidence of judgments and sentences were introduced. The prosecutor also elicited from appellant that there was an unadjudicated misdemeanor assault charge pending against him with the complainant being Mary Sanchez. At the close of the prosecutor's interrogation, appellant's counsel stated: "For impeachment purposes, based on the questioning I have done with this witness, they are not relevant." The objection was overruled.

In the jury's presence, the prosecutor on cross-examination again elicited the same testimony without objection. Rule 609 provides in pertinent part:

(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to a party.

(b) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Tex.R. Evid. 609.

■ A defendant does not have the right to testify free from impeachment.

---

7. *See* Tex.R. Evid. 104.

*See Morgan v. State*, 891 S.W.2d 733 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Once a criminal defendant takes the stand, he or she is subject to the same rules as any other witness and may be impeached, contradicted, made to give evidence against himself or herself, cross-examined on new matters, and treated in every respect as any other witness, except where there are overriding constitutional or statutory provisions. *See Sanchez v. State*, 707 S.W.2d 575, 577 (Tex.Crim.App.1986); *Williams v. State*, 906 S.W.2d 58, 62 (Tex. App.—Tyler 1995, pet. ref'd); *Juhasz v. State*, 827 S.W.2d 397, 404 (Tex.App.—Corpus Christi 1992, pet. ref'd).

 Under Rule 609 a witness may only be impeached as to his criminal history through a conviction of a felony or crime of moral turpitude. *See Sterns v. State*, 862 S.W.2d 687, 690 (Tex.App.—Tyler 1993, no pet.). Whether to admit remote convictions for purposes of impeachment lies largely within the trial court's discretion, and depends on the facts and circumstances of each case. *See Brown v. State*, 880 S.W.2d 249, 252 (Tex. App.—El Paso 1994, no pet.). An exception exists to the limitations in Rule 609 when the witness by his direct testimony leaves a false impression of any trouble he has had with the police. *See Muse v. State*, 815 S.W.2d 769, 773 (Tex.App.—Waco 1991, no pet.). Thus, when a witness creates a false impression of law-abiding behavior he opens the door on his otherwise irrelevant past criminal history, and opposing counsel may expose the falsehood. *See Delk v. State*, 855 S.W.2d 700, 704 (Tex.Crim.App.), *cert. denied*, 510 U.S. 982, 114 S.Ct. 481, 126 L.Ed.2d 432 (1993); *Prescott v. State*, 744 S.W.2d 128, 131 (Tex. Crim.App.1988). An extraneous unadjudicated offense may even be admissible if the accused opens the door to the admission of such evidence. *See Monkhouse v. State*, 861 S.W.2d 473, 476 (Tex.App.—Texarkana 1993, no pet.). In order, however, to open the door to the use of prior crimes for the purposes of impeachment, the witness must do more than just imply that he abides by the law, and must in some way convey the impression that he has never committed a crime. *See Lewis v. State*, 933 S.W.2d 172, 179 (Tex.App.—Corpus Christi 1996, pet. ref'd).

 It was under the "false impression" exception that the prosecutor persuaded the trial court that appellant's entire criminal record could be used for impeachment without regard to the limitations in Rule 609. The prosecutor should have known from the beginning that appellant had not created a false impression about his criminal record, had not disclaimed any "trouble" with the police, and had not otherwise "opened the door." In keeping with the narrow construction given by our case law to the "false impression" exception, appellant's testimony clearly did not open the door. *See Lewis*, 933 S.W.2d at 179. Appellant objected early on that he had not opened the door, and while his later general objection was only on relevancy of the prior criminal record, the specific grounds were apparent from the context. *See* Tex. R.App. P. 33.1(a)(1)(A). The trial court's ruling on the admission of the evidence was clearly wrong and outside the zone within which reasonable persons might disagree. *See Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1992).

### Harmless Error Analysis

Having determined that the trial court erred, we must now decide whether the error was harmless. This is a non-constitutional error governed by Rule 44.2(b). Tex.R.App. P. 44.2(b). This rule provides: "Any other [non-constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."

 "A 'substantial right' is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997). "It must be determined whether the inadmissible evi-

dence actually contributed to the jury's verdict." *George v. State*, 959 S.W.2d 378, 383 (Tex.App.—Beaumont 1998, pet. ref'd).

In considering harm, the entire record must be reviewed to determine whether the error had more than a slight influence on the verdict. *See King*, 953 S.W.2d at 271 (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)); *Reeves v. State*, 969 S.W.2d 471, 491 (Tex.App.—Waco 1998, pet. ref'd). If the court finds that the error did have more than a slight influence on the verdict, it must be concluded that the error affected the defendant's substantial rights in such a way as to require a new trial. *Reeves*, 969 S.W.2d at 491. If the court has grave doubts about the error's effect on the outcome, the case must be remanded for a new trial. *Id.* Otherwise, the court should disregard the error. *Id.*

With this background, we turn to the prior convictions to determine which ones came within the limitations of Rule 609 and were useable for the purposes of impeachment without regard to the "false impression" exception. The two felony convictions for driving while intoxicated were clearly admissible under Rule 609 at this August 1997 trial. A misdemeanor driving while intoxicated conviction is not an offense involving moral turpitude. *See Shipman v. State*, 604 S.W.2d 182, 184 (Tex.Crim.App.1980); *Stephens v. State*, 417 S.W.2d 286, 288 n. 1 (Tex.Crim.App. 1967); *Lewis*, 933 S.W.2d at 177 n. 1. Thus, appellant's three misdemeanor DWI convictions were not admissible for the purposes of impeachment. The admissible felony DWI convictions would, however, carry the inference under this record that there had been previous misdemeanor DWI convictions regardless of remoteness.

The misdemeanor driving while license suspended conviction was an offense not involving moral turpitude. *See Stephens*, 417 S.W.2d at 288 n. 1. It was not available for impeachment under Rule 609.

The assault involved in the misdemeanor assault conviction of February 12, 1997, was shown to have been committed upon Mary Sanchez, a woman. Such a conviction is one of moral turpitude. *See Hardeman v. State*, 868 S.W.2d 404, 407 (Tex.App.—Austin 1993, pet. ref'd). Thus, this conviction was useable for impeachment of appellant. A misdemeanor assault conviction not shown to have been committed upon a female is not one involving moral turpitude. *See Knox v. State*, 487 S.W.2d 322, 326 n. 2 (Tex. Crim.App.1972). The record is silent as to the complainant in the misdemeanor assault conviction of November 20, 1995.[8] This conviction was not available for impeachment under Rule 609.

There is also the unadjudicated misdemeanor assault charge against appellant involving Mary Sanchez. This evidence of a pending case was not available for impeachment purposes under Rule 609. An examination of the record shows that on cross-examination of appellant, the prosecutor, without objection, asked appellant why he beat Mary Sanchez. Appellant explained in some detail that Mary would come home drunk,[9] that she would be "mad" at everyone, that she would attack him, and on one occasion she broke his glasses, then she would fall down, and later call the police and accuse him of assault. Appellant explained that he would plead guilty because he had no favorable witnesses to call in his behalf. On re-direct examination, much of the same testimony was reiterated.

8. The State asserts in its brief that the complainant was Mary Sanchez which rendered the conviction admissible for impeachment. Assertions in appellate briefs not supported by the record cannot be accepted as fact. *See Vanderbilt*, 629 S.W.2d at 717.

9. Mary Sanchez admitted in her testimony that she was a drinker, had been arrested for public intoxication, and had been in a bar alone drinking beer on the night in question.

This leaves appellant's misdemeanor conviction for bail jumping on November 28, 1995. *See* Tex. Penal Code Ann. § 38.10 (West 1994). This offense involves the culpable mental states of "intentionally and knowingly" among the elements of the offense. *Id.* The offense involves deceit and deception. Although we have found no authority directly in point, we conclude the offense is one involving moral turpitude. *See Muniz v. State,* 575 S.W.2d 408, 411 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).[10] This conviction was available for impeachment purposes. As can be seen, we are confronted with a mixed bag of convictions, some that were admissible under Rule 609 and some that were not.

We now examine the rest of the record before this Court. The trial court gave a limiting instruction to the jury in the court's charge. The prior convictions were limited to the credibility of appellant's testimony, and the jury was told not to consider "the same for any other purpose." We presume that the jury obeyed the trial court's instructions. *See Lewis,* 933 S.W.2d at 180.

In his jury argument, the prosecutor made only a passing reference to appellant's criminal record, mentioning only his "felony record." The prosecutor did not ask the jurors to consider any of the misdemeanor convictions in passing on appellant's credibility as a witness.

During the cross-examination of Lisa S, the complainant's sister, appellant elicited from the witness that appellant had committed the same act on her as he did on the complainant. As observed earlier, appellant does not challenge the sufficiency of the evidence to sustain the convictions.

After a thorough review of the record, we cannot say that the error in the admission of evidence under the "false impression" exception to Rule 609 had more than a slight influence on the verdict. Appellant's substantial rights were not affected. *See* Tex.R.App. P. 44.2(b). The second point of error is overruled.

The judgments are affirmed.

---

10. The term "moral turpitude" has been discussed in *Duncan v. Board of Disciplinary Appeals,* 898 S.W.2d 759, 761 (Tex.1995); *In Re Humphreys,* 880 S.W.2d 402, 407 (Tex.), *cert. denied,* 513 U.S. 964, 115 S.Ct. 427, 130 L.Ed.2d 340 (1994); *In the Matter of G.M. P.,* 909 S.W.2d 198, 208 (Tex.App.—Houston [14th Dist.] 1995, no writ); *Hardeman,* 868 S.W.2d at 405; *Polk v. State,* 865 S.W.2d 627 (Tex.App.—Fort Worth 1993, pet. ref'd).