# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00002-CR

**Wayne Edward Weirich, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR99-208, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

Wayne Edward Weirich appeals his conviction for felony driving while intoxicated. Tex. Pen. Code Ann. § 49.09(b) (West Supp. 2002) (DWI). A jury found appellant guilty, made an affirmative finding that he used a deadly weapon, and sentenced him to fifteen years' imprisonment and a $7500 fine. We will affirm the conviction.

### Factual and Procedural Background

Because appellant does not challenge the factual or legal sufficiency of the evidence to support his conviction, we will summarize the relevant facts and discuss other facts as necessary.

At approximately five o'clock in the afternoon of June 19, 1999, Officer Pete Arroyo received a radio dispatch concerning a blue Chevy Cavalier possibly being driven by a drunk driver

on FM306 in Comal County. Shortly after hearing the bulletin, Arroyo saw a blue Cavalier. His radar showed the vehicle's speed as approximately eighty miles per hour. Because the vehicle veered into his lane, Arroyo had to move his car on to the unimproved shoulder to avoid a head-on collision. Arroyo then turned around and began a pursuit. Arroyo was able to get close enough to observe the driver before the car turned into a residential subdivision. As Arroyo followed, he noticed a large number of children playing in the area, slowed his car, and abandoned the chase.

Michael Altmeyer, a resident of the subdivision, testified that he was in his swimming pool with his children when he heard tires screeching, saw a car slam into a tree, and saw a man run from the car. At that moment, a patrol car arrived. Altmeyer told the officer the direction in which the man had run and then joined the chase on his motorcycle. He found the man trying to hide under a neighbor's car. He held the man down until the police arrived and arrested appellant.

Appellant was charged with driving while intoxicated, reckless driving, evading arrest, and resisting arrest. He pleaded *nolo contendere* to all offenses except the driving while intoxicated charge and was convicted of the other three charges on January 5, 2000. After first entering into a plea arrangement on the DWI charge with the Comal County District Attorney's Office, appellant chose to withdraw his plea in favor of a jury trial. The jury convicted him of the charged offense of driving while intoxicated, enhanced to felony status, made an affirmative finding of use of a deadly weapon, and sentenced him to fifteen years in prison with a $7500 fine.

In six points of error, appellant contends the trial court erred when it: permitted the state to introduce evidence of prior felony convictions during the guilt-innocence phase of the trial; allowed the state to improperly impeach the defendant and exposed him to double jeopardy; allowed

2

the introduction of testimony that the horizontal gaze nystagmus field sobriety test quantified the defendant's blood alcohol level and prevented the defense from fully cross-examining the State's witness; allowed the introduction of defendant's responses to police questioning during a custodial interrogation; permitted police officers to testify about a motor vehicle as a hypothetically deadly weapon; and gave to the jury an improper instruction on an affirmative deadly weapon finding. As a preliminary matter, we note that appellant often has failed to preserve error. We have, however, addressed the issues on the merits when possible.[1]

## Discussion

### *Felony convictions*

In his first point of error, appellant contends that the trial court erred when it permitted the State to introduce evidence of prior felony convictions during the guilt-innocence phase of trial. Appellant acknowledges that the State must plead and prove the existence of two prior DWI convictions to elevate the offense to felony DWI. Tex. Pen. Code Ann. § 49.09(b) (West Supp. 2002). This showing is jurisdictional. *See Tamez v. State*, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000). Appellant argues, however, that when a defendant stipulates to the necessary two prior convictions, such proof is not necessary; indeed, he argues, allowing such evidence is error. *Tamez*,

---

[1] In his fourth point of error, appellant contends that the trial court erred in allowing the introduction into evidence of a videotape of appellant's responses to police questioning. The tape was admitted into evidence without objection. The tape was not transcribed, nor was it transmitted to this Court as an original exhibit. Appellant has waived error and the point is overruled. Tex. R. App. P. 33.1(a).

11 S.W.3d at 202-203. In *Tamez*, the court reasoned that a stipulation should suffice when it carries the same evidentiary value as other proof of previous convictions and substantially lessens the prejudice from that proof. *Id*. at 202. However, in this case, appellant did not stipulate to any previous convictions. Accordingly, the State had to plead and prove those convictions in its case in chief. *Cf. Tamez*, 11 S.W.3d at 202-203.

Appellant complains of the State's jury argument because it discussed appellant's criminal history. The record shows that appellant failed to object at any point. The failure to object waives error on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Ganesan v. State*, 45 S.W.3d 197, 206 (Tex. App.—Austin 2001, pet. ref'd). In any event, we have examined the argument and it is not so inflammatory and prejudicial as to deny appellant a fair trial. *See Hernandez v. State*, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991); *Poole v. State*, 974 S.W.2d 892, 904 (Tex. App.—Austin 1998, pet. ref'd). We overrule point of error one.

### *Misdemeanor Convictions*

In point two, appellant contends that the trial court erred in admitting both previous and contemporaneous misdemeanor convictions for reckless driving, evading arrest and resisting arrest. He contends these convictions were used for improper impeachment and that their use subjected him to double jeopardy.

Appellant did not raise the issue of jeopardy at trial or file a plea raising jeopardy and thus did not preserve the issue for review. Tex. R. App. P. 33.1(a); *see McClay v. State*, 946 S.W.2d 170, 174 (Tex. App.—Amarillo 1997, pet. ref'd). On the merits, we understand appellant's jeopardy

argument to be that the State in essence treated these contemporaneous misdemeanor offenses as lesser-included offenses of the driving while intoxicated offense. Having already been convicted of the lesser offenses, he had already been implicitly acquitted of the greater DWI offense. Appellant's theory rests on the conclusion that because Officer Lehman, one of the arresting officers at the scene, testified that appellant's reckless driving and evading police officers were factors in his conclusion that appellant was intoxicated, those offenses were elements of the driving while intoxicated offense.

The double jeopardy clause protects against three abuses: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Ex Parte Herron*, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990). Jeopardy does not apply if separate and distinct offenses occur during the same transaction. *Phillips v. State,* 787 S.W.2d 391, 394 (Tex. Crim. App. 1990). Appellant was not exposed to double jeopardy in his trial for driving while intoxicated. Lehman's testimony about appellant's behavior during this transaction simply enumerated various factors that formed the basis for a conclusion about appellant's possible intoxication. That testimony did not have any legal effect on the elements of the various offenses. Double jeopardy does not apply.

Appellant complains that the prior misdemeanor convictions for reckless driving and evading arrest that were admitted constituted impermissible character evidence. *See* Tex. R. Evid. 404(a); *see generally* 1 Stephen Goode et al., *Texas Practice: Guide to the Texas Rules of Evidence: Civil and Criminal* §§ 404.1-.7 (2d ed. 1993 & Supp. 2001). These offenses were not used to show conformity with character, however. Appellant testified that he was not the driver of the vehicle at the time in question but had allowed someone else to drive it. He claimed the driver had long blond

5

hair, a mustache, and was slender, unlike appellant, who had dark hair, no mustache and was fairly heavy set. First, appellant was not free to testify with impunity; he was subject to impeachment. *Lopez v. State*, 990 S.W.2d 770, 776-77 (Tex. App.—Austin 1999, no pet.). Appellant's past misdemeanor convictions were used to establish that appellant had used the "other driver" explanation before and had a pattern of fleeing from the police. These convictions were used to help establish identity. *See* Tex. R. Evid. 404(a)(3), (b).

Further, appellant stated, "This is the first time it's ever happened to me." The State was allowed to correct the false impression that appellant had not had previous problems with the law. *See Lopez*, 990 S.W.2d at 777. A witness who creates a false impression of law-abiding behavior opens the door on otherwise irrelevant past criminal history. *See Delk v. State*, 855 S.W.2d 700, 704 (Tex. Crim. App. 1993); *Lopez*, 990 S.W.2d at 777. We conclude that the misdemeanor convictions were not used to show appellant was a "bad person" who had acted in conformity with his character, but to show a pattern helping to corroborate identity and to correct a false impression of law-abiding behavior. We overrule appellant's second point of error.

### *Horizontal Gaze Nystagmus (HGN) Test Evidence*

In his third point, appellant complains that the trial court erroneously permitted testimony that the HGN test[2] quantified his blood alcohol content and erroneously prevented the

---

[2] The HGN test is a field sobriety test based on the effect of alcohol consumption on the ability of the eyes to track smoothly an object moving across the visual field. *See generally Emerson v. State*, 880 S.W.2d 759, 764-769 (Tex. Crim. App. 1994).

defense from properly cross-examining the proponent of the HGN testimony. Appellant failed to object to the testimony and thus failed to preserve error. Tex. R. App. P. 33.1(a). Even if we address the merits, however, the point fails.

A witness qualified as an expert on the administration and technique of the HGN test may testify concerning an accused's performance on the HGN test, but may not correlate that performance to a precise blood alcohol content. *Emerson v. State*, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994). Lehman, who administered the test, did not testify that appellant's performance on the test meant that appellant had a blood alcohol concentration of a specific amount, such as .12. He testified that, in his experience, any individual who had taken the test and shown all six clues indicating intoxication as did appellant had had an alcohol concentration of over .10. Error in admitting the testimony, if any, was harmless. There was other evidence showing intoxication and appellant does not challenge the sufficiency of that evidence to support his conviction for driving while intoxicated.

Appellant also contends that he was not allowed to fully cross-examine Lehman. Lehman testified that, according to standard procedure, he gave three preliminary tests to rule out the possibility of problems other than alcohol affecting the test. Appellant "passed" those tests. Appellant then attempted to ask Lehman whether he had noticed that appellant had a bruise on his face and whether that might not have been an indication of a head injury. After Lehman responded that he had not noticed any bruising, the court limited appellant's continued attempts to elicit a medical opinion about whether appellant had a head injury.

A criminal appellant has the right to confront witnesses against him through cross-examination. *Lagrone v. State*, 942 S.W.2d 602, 613 (Tex. Crim. App. 1997). However, the trial court retains broad discretion to impose reasonable limits on cross-examination. *See Hurd v. State*, 725 S.W.2d 249, 252 (Tex. Crim App. 1987). The court did not limit Lehman's cross-examination as it pertained to whether Lehman properly administered the test; it was limited only when appellant tried to elicit testimony beyond Lehman's scope of expertise. The court was within its discretion in limiting cross-examination. We overrule point three.

### Deadly Weapon Finding

In his fifth point of error, appellant contends that the trial court erred when it permitted police officers to testify about a motor vehicle as a hypothetically deadly weapon. Appellant argues that such testimony was legally and factually insufficient to support that finding because there was no evidence of actual danger to others, relying on *Mann v. State*, 13 S.W.3d 89, 92 (Tex. App.—Austin 2000), *aff'd*, 58 S.W.3d 132, 132 (Tex. Crim. App. 2001). *Mann* held that a mere hypothetical potential for danger is not enough to sustain a deadly weapon finding. *Id*. In *Mann*, the evidence that was held sufficient to sustain a deadly weapon finding was testimony that appellant almost had a head-on collision with another car when appellant's vehicle crossed the center line. The collision was avoided only when the other car took evasive action. *Id*.

In this case, the testimony supporting a deadly weapon finding was not about a hypothetical danger. Officer Pete Arroyo testified that he saw appellant's vehicle traveling down Highway 281 at about 80 miles per hour on the wrong side of the roadway and in Arroyo's lane. In

order to avoid a head-on collision, Arroyo had to move onto the shoulder. At that time, Arroyo started pursing appellant.

After reaching the subdivision, the chase continued at seventy miles per hour. Arroyo testified that he stopped the pursuit because of the number of children he saw riding bikes in the street and playing in yards who were in danger. Altmeyer, the resident who tackled appellant, testified that appellant almost hit a child. Bobby Allen, another subdivision resident, testified that he saw appellant going very fast the wrong way on a one-way street where a lot of children were playing. The testimony showed much more than a hypothetical danger in the way in which appellant drove the car and supported the deadly weapon finding. We overrule appellant's fifth point.

In his sixth point of error, appellant contends that the trial court improperly instructed the jury on the requirements for an affirmative finding that appellant used a deadly weapon. When an appellate court reviews a jury charge for error, it first asks whether error was preserved. If no objection was made, as is this case, appellant must demonstrate egregious harm to secure a reversal. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1986). Egregious harm means the error is so severe that the appellant has not had a fair and impartial trial. *Id*.

Appellant contends that the charge forced the jury to choose between finding appellant "not guilty" and finding him guilty with an affirmative finding of use of a deadly weapon subsumed within the guilty verdict. A review of the record shows that the jury was clearly instructed to proceed to consideration of the affirmative finding only if appellant was first found guilty. The charge did not harm appellant. We overrule appellant's sixth point of error.

## Conclusion

We have overruled all of appellant's points of error. Accordingly, we affirm the trial court's judgment.

_____

_

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   April 4, 2002

Do Not Publish

10