Affirmed and Memorandum Opinion filed November 25, 2003














Affirmed and
Memorandum Opinion filed November 25, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01109-CR

____________

 

FLOYD MATTHEW PORTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_____________________________________________

 

On Appeal from
the 155th District Court

Austin County, Texas

Trial Court
Cause No. 2001R-0108

 

_____________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Floyd Matthew Porter
appeals his conviction for unlawful possession of a firearm by a felon.  In a single issue, appellant contends the
trial court erred in admitting evidence of two misdemeanor convictions for
impeachment purposes during the guilt/innocence phase of trial.  We affirm.

I.  Procedural and Factual
Background

            Austin County Sheriff’s Department
Investigator Charles Holmes responded to a domestic disturbance at a residence
on or about September
 21, 2001.  When he
arrived, Officer Holmes saw appellant’s wife, April Porter, crying, and
observed bleeding from her mouth and bruises on her hand and forehead.  Appellant was arrested for the incident.  After receiving information about a possible
firearm on the premises, Officer Holmes obtained permission from appellant’s
wife to search the residence and found a gun case containing a .22-rifle in the
bedroom.  At trial, appellant denied
living at the residence or possessing the rifle on that day.

            Appellant was charged by indictment
with the offense of possession of a firearm before the fifth anniversary of his
release from confinement following conviction of a felony.  See
Tex. Pen. Code
Ann. § 46.04(a)(1) (Vernon Supp.
2002).  In June 1999, appellant pled
guilty to the offense of retaliation and was sentenced to two years’
confinement.  He was released on parole
in December 2000, and discharged in July 2001, just over two months before his
arrest for possession of the rifle.  A
jury found appellant guilty of unlawful possession of a firearm by a felon and
the trial court assessed punishment at seven years’ confinement in the Texas
Department of Criminal Justice, Institutional Division.

II.  Issue
Presented

            In his
single issue, appellant contends the trial court erred by allowing evidence of
two misdemeanor convictions for impeachment purposes during the guilt/innocence
phase of trial.  Specifically, appellant
argues the offenses — convictions for driving while intoxicated and criminal
trespass in 1994 and 1995, respectively — were inadmissible because neither
crime was a felony nor involved moral turpitude. See Tex. R. Evid. 609(a). 

III. 
Analysis and Discussion

            Once a defendant testifies, he
places his credibility at issue and may thereafter be impeached like any other
testifying witness.  Dale v. State, 90 S.W.3d 826, 829 (Tex.
App.—San Antonio 2002, pet. ref’d).  Texas Rule of Evidence 609(a) provides that,
for the purpose of attacking the credibility of a witness, evidence that a
person was convicted of a crime shall be admissible if the prior conviction was
a felony or a misdemeanor involving moral turpitude and the court determines
the probative value of admitting the prior conviction outweighs its prejudicial
effect.  Tex. R. Evid. 609(a).  The State concedes that the trial court erred
in admitting appellant’s two prior misdemeanor convictions.  Therefore, this court will proceed to a
determination of whether the error was harmless.  

            To determine
whether the erroneous admission of evidence amounts to reversible error, we
look to Texas Rule of Appellate Procedure 44.2, governing reversible error in
criminal cases.  See Tex.
R. App. P. 44.2.  In this
analysis, we must first determine whether the error is constitutional.  See
Tex. R. App. P. 44.2(a).  A constitutional error within the meaning of
Texas Rule of Appellate Procedure 44.2(a) is an error that directly offends the
United States Constitution or the Texas Constitution, without regard to any
statute or rule that might also apply.  See Fox v. State, 115 S.W.3d 550, 563
(Tex. App.—Houston [14th
Dist.] 2002, pet. ref’d).  With respect to the erroneous admission or
exclusion of evidence, constitutional error is present only if the correct
ruling was constitutionally required; a misapplication of the rules of evidence
is not constitutional error.  Id.  In this case, the parties agree that the
trial court misapplied Texas Rule of Evidence 609 when it admitted appellant’s
two prior misdemeanor convictions.  In
addition, excluding this evidence was not directly required by either the Texas
Constitution or the United States Constitution. 
See Lopez v. State, 990 S.W.2d 770, 777 (Tex. App.—Austin 1999, no pet.) (stating that trial court’s error in admitting prior
convictions under Rule 609 is non-constitutional error).  Because the error was not a constitutional
one, we analyze harm under Texas Rule of Appellate Procedure 44.2(b).

            Appellant does not indicate how he
was harmed by the admission of the two prior misdemeanor convictions.  However, neither appellant nor the State
bears the burden of demonstrating whether appellant was harmed by the trial
court’s error.  See Johnson v. State, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001). 
Rather, it is this court’s responsibility to assess, from the context of
the error, whether the judgment requires reversal because the error affected
appellant’s substantial rights.  See id.; Tex. R. App. P. 44.2(b).  Error affects a substantial right when it has
a substantial and injurious effect or influence in determining the jury’s
verdict.  Johnson, 43 S.W.3d at 3–4.  In assessing the likelihood that the error
adversely affected the jury’s decision, we consider everything in the record,
including all testimony and evidence admitted for the jury’s consideration, the
nature of the evidence supporting the verdict, the character of the error, and
how the error might have been considered in connection with other evidence in
the case.  Motilla v. State, 78 S.W.3d 352, 355 (Tex. Crim.
App. 2002) (citing Morales v. State,
32 S.W.3d 862, 867 (Tex. Crim. App. 2000)).  We may also consider the jury instructions,
the State’s theory of the case, any defensive theories, closing arguments, and voir dire.  Id. at 355–56.  Whether the State emphasized the error can
also be a factor.  Id. at 356.  In addition, the presence of overwhelming
evidence of guilt may be considered.  Id. at 357.

            In this case, the jury heard
testimony from the officer who discovered the rifle, appellant’s wife,
appellant’s parole officer, and appellant himself.  The State’s theory of the case focused on the
fact that appellant resided at the residence and possessed the firearm.  The testimony from the witnesses and the
evidence admitted for the jury’s consideration rested largely on these two
disputed facts.  Appellant’s wife
testified that the rifle belonged to appellant and that she had seen him fire
the weapon.  She also testified that she
and appellant lived together at the residence. 
After viewing photographs taken at the scene, appellant’s wife stated
that several articles found in the same room where the firearm was recovered
belonged to appellant.  In addition,
appellant admitted to having referred to the residence as “my home” in a statement
to the officer and stated during his testimony that he paid the rent.  All of this evidence supports the jury’s
verdict.

            The offense with which appellant was
charged requires a showing that appellant was a felon.  See
Tex. Pen. Code
Ann. § 46.04(a)(1).  In addition to admitting on direct
examination that he was a convicted felon, appellant confirmed on cross
examination that he previously had been convicted of theft, burglary, and
retaliation.  Appellant does not complain
that the trial court erred in admitting evidence of these prior convictions.
Notably, the burglary and retaliation convictions are more recent than the two
misdemeanors (for driving while intoxicated and criminal trespass) that are the
subject of this appeal.  It is unlikely
that the jury would have placed greater weight, if any at all, on two
misdemeanor convictions when presented with at least two more serious and more
recent felony convictions, one of which was the underlying felony used to prove
the offense.  See King v. State, 953 S.W.2d 266, 273 (Tex. Crim.
App. 1997) (holding error harmless with regard to admission of appellant’s
fighting and traffic violations as well as marijuana and amphetamine use in
“pen packet” when evidence paled in comparison to properly admitted evidence of
theft, burglary, and cocaine use). 

            Additionally, the State did not
emphasize appellant’s convictions for the two misdemeanors.  Unlike its questioning about the felonies,
the State did not inquire about the misdemeanors beyond appellant’s acknowledgment
that he had been convicted of the offenses and the years in which he was
convicted.  Moreover, the State did not
mention the two misdemeanors during voir dire.  During jury argument, the State referred to
appellant as a “convict” and implored the jury to “think about the other things
he talked about doing in the past” in relation to appellant’s character for
truthfulness.  However, the State did not
specifically point to the two misdemeanors nor ask the jury to specifically
consider them.  There was no
documentation of the misdemeanor convictions before the jury; the only written
evidence of appellant’s convictions were the judgment for the felony offense of
retaliation and the judgment revoking probation in connection with appellant’s
theft conviction.   Because appellant’s
criminal history also included convictions for at least three felonies, there
is no reason to conclude that the jury placed any measurable significance on
these two misdemeanors. 

            Finally, when reviewing how the
error might have been considered in connection with other evidence, the jury’s
written questions during deliberation are instructive.  The questions went to testimony about the
residence where the firearm was found and the police report, presumably
referring to the one made when the officer arrived at the residence.  The jury did not request any information
pertaining to the two prior misdemeanor convictions.  

            For all of these reasons, it is
unlikely that the trial court’s erroneous admission of the two misdemeanor
convictions adversely affected the jury’s decision-making process or resulted
in a substantial and injurious effect or influence in determining its
verdict.  Therefore, we find the error
harmless.

IV. 
Conclusion

            Having concluded from a thorough
review of the record that the trial court’s error in admitting evidence of
appellant’s two prior misdemeanor convictions was harmless, we overrule
appellant’s sole issue for review. 

            The judgment of the trial court is
affirmed.

 

                                                                        /s/        Kem Thompson Frost

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed November 25, 2003.

Panel
consists of Justices Yates, Fowler, and Frost.

Do Not
Publish — Tex. R. App.
P. 47.2(b).