### V. E. PRESTON v. THE STATE.

No. 11524.   Delivered May 9, 1928.

1.—**Killing Hogs, With Intent to Injure—Owner—Jurisdiction of Courts— Rule Stated.**

While it is the law under Art. 64, C. C. P., 1925, as between the rights of conflicting jurisdictions, that of the court in which the case is first filed should be upheld, there is no rule or decision forbidding the dismissal of a prosecution by proper authorities. The complaint against appellant, which had been filed in the justice court, having been dismissed by proper authorities, there was nothing to prevent the filing against him of another complaint in the County Court.

2.—**Same—Charge of Court—On Presumption of Intent—Erroneous.**

Where, on a trial for killing hogs with intent to injure the owner, it being shown that the hogs were trespassing and depredating on appellant's premises, it was error for the court to charge the jury that the intent to injure the owner might be presumed from the perpetration of the act. See Choate v. State, 221 S. W. 980.

3.—**Same—Continued.**

It does not appear to us that in a case where the testimony shows without dispute that at the time the animals in question were killed, they were trespassing upon the property of the accused, and especially when the

facts further show that they were actually depredating upon the property of appellant, that such charge should be given. Overruling Lane v. State, 16 Tex. Crim. App. 172.

Appeal from the County Court of Wood County. Tried below before the Hon. H. V. Puckett, Judge.

Appeal from a conviction for killing hogs with intent to injure the owner, penalty a fine of $10.00.

The opinion states the case.

*Bozeman & Cathey* of Quitman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for killing hogs with intent to injure the owner, punishment a fine of $10.00.

Appellant and the party whose property he is charged with destroying were neighbors and seem from the record to have had trouble over the hogs at former times. That appellant killed three hogs just inside his fence on the day in question, seems without dispute.

The first question presented by appellant is that error was committed in refusing his plea to the jurisdiction. We are not able to assent to this proposition. It appears that a complaint had been filed in the justice court of the precinct of appellant's residence, in which he was charged with killing these hogs. This complaint was dismissed before that upon which the prosecution is based, was filed in the County Court. This presents the only support for the claim that the County Court was without jurisdiction. We have no doubt that under Art. 64 of the 1925 C. C. P., as between the rights of conflicting jurisdictions, that of the court in which the case was first filed, should be upheld. We know of no possible rule or decision forbidding the dismissal of a prosecution by the proper authorities. No decisions are cited by appellant holding to the contrary. The complaint against appellant, which was filed in the justice court, having been dismissed by proper authorities, there was nothing to prevent the subsequent filing against him of another complaint charging the same offense, in the County Court. We find nothing in the authorities cited in appellant's brief holding against this conclusion.

Exception was taken to the charge of the court for telling the jury that in prosecutions for this offense the intent to injure may be presumed from the perpetration of the act. Appellant

cites us to Choate v. State, 221 S. W. 980. In Lane v. State, 16 Tex. Crim. App. 172, this court held it proper to give in charge to the jury the language complained of, which appears to be an exact copy of a part of the statute defining this offense. See Art. 1373, P. C. We have been unable to find any citation of this case on this point, or any other decision of this court upholding the giving of this part of the law in charge to the jury. Without any discussion of the holding in the Lane case, supra, this court in the later opinion of Choate v. Smith, supra, said that in a case whose facts showed that the animal killed was on the premises of the accused which were enclosed with an insufficient fence, a conviction could be sustained only upon proof that there was intent to injure the owner of the animal. It is further stated in the opinion that such intent could not be inferred from the injury, for the reason that the inference that the animal was killed in the protection of the property upon which it was trespassing, would be drawn unless the contrary appeared. To some extent there appears a conflict between the Lane case, supra, and the Choate case, supra. In the instant case, in addition to the claim that the hogs, at the time they were killed, were in the enclosure of appellant, he and his son testified that the animals were in his cotton and knocking it out, and were going toward his corn field and melon patch. There was some testimony upon the issue that one of the hogs was vicious, and appellant testified that at the time he shot this one it was going toward his children.

This court is always loath to disturb the conclusions of law announced in the opinions of its predecessors, but in some cases we have been compelled to do so. It does not appear to us that in a case where the testimony shows without dispute that at the time the animals in question were killed they were trespassing upon the property of the accused, and especially when the facts further show that there was a claim that they were actually depredating upon the property upon which they were trespassers—that such charge should be given. Certainly the statute cannot mean—as its language would seem to indicate—that the intent to injure the owner in such case might be presumed from the killing of the animal. This could not be applicable law in any case where the killing was done in fact to protect the property of the slayer, or his person, in a proper case. If the animal slain was vicious and making an attack upon the person, or was in any event injuring and destroying the property of the person who did the killing, it would seem entirely erroneous in principle to tell the jury, in such case, that the intent to

injure would be presumed from the killing. We are constrained to conclude that the rule in this particular, laid down in the Lane case, supra, was too broad, and are of opinion that the announcement in the Choate case, supra, appears more nearly in line with what the law ought to be.

In this case the accused did not deny killing the animals in question. He admitted that he shot them, but claimed they were depredating upon his property, were in his enclosed land, in a county in which there was a stock law in force, and that from the circumstances he deemed it necessary to shoot to protect his property and also the person of his children. While the court did define the term "wilful," and, as we think, sufficiently, yet what was the jury to do when in the paragraph immediately succeeding that defining said word "wilful" they were told that the intent to injure might be presumed from the perpetration of the act. It seems to us entirely reasonable that they would understand from the expression "perpetration of the act" that this meant the killing of the hogs. We are inclined to think that appellant's exception to the charge should have been sustained, and that part of the charge should have been omitted, and we are in much doubt as to whether said presumption should ever be given in charge where the testimony showed that the killing was done while the animal was depredating in the enclosure of the party accused of doing the killing.

We have examined the other complaints of the appellant and are of opinion that they are not sound, but for the error of the court in giving this charge, which would seem capable of much injury to the rights of the accused, we think the judgment should be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*