### Ex parte Darryll KNIGHT, Appellant.

### No. 01–94–01152–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 11, 1995.

Opinion Overruling Motion for Rehearing Aug. 24, 1995.

Discretionary Review Refused Nov. 8, 1995.

Stanley G. McGee, Angleton, for appellant.

Jerome Aldrich, David Bosserman, Angleton, for appellees.

Before TAFT, COHEN and MIRABAL, JJ.

## OPINION

TAFT, Justice.

Appellant, Darryll Knight, appeals the trial court's denial of the relief requested in his pretrial petition for writ of habeas corpus. This case addresses the effect of a justice court's dismissal of a complaint upon a defendant's right to obtain a dismissal with prejudice in district court for delay by the State in presenting an indictment or information. We affirm.

## Summary of Facts

By complaint filed in the justice of the peace court, appellant was alleged to have committed the felony offense of obtaining a controlled substance by fraud in September 1993. The complaint was filed on March 1, 1994, and appellant was arrested on March 23, 1994. The docket sheet from the justice court contains contradictory entries about the disposition of the case: (1) "TRANSFER TO DISTRICT COURT MAR 28 1994"; and (2) "DISMISSED; DATE 10/31/94; REASON Nolle Prosequi."

On October 25, 1994, appellant filed an application for writ of habeas corpus in the District Court of Brazoria County. In his application, appellant stated that he was charged by complaint pending in the justice of the peace court. Appellant complained of the denial of his sixth amendment right to a speedy trial and the failure of the State to present an indictment or information against him at the next term of the court after his commitment or admission to bail pursuant to TEX.CODE CRIM.P.ANN. art. 32.01 (Vernon 1989). Relying on TEX.CODE CRIM.P.ANN. art. 28.061 (Vernon 1989), appellant requested that charges against him be dismissed with prejudice.

On October 31, 1994, a hearing was held on appellant's application for writ of habeas corpus. At appellant's request, the trial court took judicial notice that the terms of the Brazoria County Grand Jury were from October 1, 1993, through March 31, 1994, and from April 1, 1994, through September 30, 1994. The State agreed and stipulated that no indictment against appellant had been returned through the time of the hearing.

Counsel for appellant argued that chapters 28 and 32 of the Code of Criminal Procedure mandated that charges against appellant be dismissed with prejudice. The State objected to the grant of writ before being allowed to present evidence or show cause why the indictment had not been presented. Defense counsel acknowledged a variety of good reasons for delay in obtaining an indictment, but he argued the provision was mandatory, regardless of any such reasons. The State offered the docket sheet from the justice court as evidence that the complaint had been dismissed earlier that day in the justice court, thereby rendering the issue moot. Defense counsel argued that denial of appel-

lant's writ for mootness would allow the State to take the case directly to the grand jury, requiring appellant to obtain another bond and suffer further harm and delay.

The trial court commented that it understood petition for discretionary review had been granted on the case relied upon by the defense, with which defense counsel concurred.[1] The trial court then denied the writ.

### Dismissal for Failure to Timely Indict

In appellant's sole point of error, he complains the trial court erred in denying his application for writ of habeas corpus by failing to dismiss the prosecution with prejudice under articles 32.01 and 28.061.

Article 32.01 provides that:

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, *for good cause shown,* supported by affidavit, *shall be dismissed* and the bail discharged, *if indictment or information be not presented against such defendant at the next term* of the court which is held after his commitment or admission to bail.

(Emphasis added.)

Article 28.061 provides, in pertinent part, that:

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the *court shall discharge the defendant. A discharge under this article or Article 32.01 of this code is a bar* to any further prosecution for the offenses discharged and for any other offense arising out of the same transaction. . . .

(Emphasis added.)

As appellant observes, it is undisputed that he was not indicted during the term following

his admission to bail. Relying on articles 32.01 and 28.061, *Nix v. State,* 882 S.W.2d 474 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd), and *Nguyen v. State,* 882 S.W.2d 471 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd), appellant argues he was entitled to be released from bail and to have the prosecution of his case dismissed with prejudice. The State argues that the trial court properly denied the writ because: (1) the complaint was dismissed prior to the writ hearing; and (2) articles 32.01 and 28.061 are unconstitutional per *Meshell v. State,* 739 S.W.2d 246, 257 (Tex.Crim.App.1987). The State also points out that if appellant's case were heard in the 239th District Court of Brazoria County, rather than the 23rd District Court, then the second term of court would not have passed.

### a. Effect of the Justice Court Dismissal

#### 1. The State's Argument

The State claims that dismissing the charges in the justice court should be treated in the same way as obtaining an indictment. The State relies on cases where relief is denied if an indictment is obtained prior to a hearing on an application for writ of habeas corpus based on article 32.01. *See Tatum v. State,* 505 S.W.2d 548, 550 (Tex.Crim.App. 1974); *Garay v. State,* 683 S.W.2d 21, 22 (Tex.App.—Waco 1984, pet. ref'd); *Wilkinson v. State,* 899 S.W.2d 20, 21–22 (Tex. App.—San Antonio, 1995).

We note that all but one of the cases cited by the State preceded the 1987 amendment of article 28.061, making it applicable to article 32.01. *See* Act of May 20, 1977, 65th Leg., R.S., ch. 787, § 4, 1977 Tex.Gen.Laws 1970, 1972, *amended by* Act of May 22, 1987, 70th Leg., R.S., ch. 383, §§ 1, 4, 1987 Tex. Gen.Laws 1885, 1885, 1887 (effective for offenses committed on or after Sept. 1, 1987).[2]

---

**1.** Petition for discretionary review was refused in *Nguyen v. State,* 882 S.W.2d 471 (Tex.App.— Houston [1st Dist.] 1994, pet. ref'd).

**2.** The former provision did not mention article 32.01:

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial as required by Article 32A.02 is

sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged or for any other offense arising out of the same transaction.

Prior to the application of article 28.061, there was no right to dismissal *with prejudice* for a violation of article 32.01. Under those circumstances, nothing barred the State from reinitiating charges after the trial court had dismissed charges pursuant to article 32.01. Therefore, the only relief provided for a defendant by article 32.01 was a temporary dismissal of charges unless and until the State refiled them. When understood within the legal context at the time, the cases of *Tatum* and *Garay* make sense. The rationale is that it would be a useless act for a trial court to dismiss the accused under the old charges where a new indictment required the defendant to be reincarcerated. *See Garay*, 683 S.W.2d at 22. Thus, an indictment rendered an article 32.01 complaint moot.

*Wilkinson* is a different matter. The court of appeals did not discuss the 1987 amendment of article 28.061. *See* 899 S.W.2d at 21–22. Where a defendant now has a right to dismissal of charges with prejudice whenever the State fails to timely present an indictment or information, or file an affidavit satisfactorily showing good cause for failing to do so, the harmless error reasoning of the prior cases no longer applies. We disagree with the approach in *Wilkinson*, but note the result appears to be correct because the State provided a reasonable explanation for not timely presenting an information or indictment. *See* 899 S.W.2d at 20–23.

Thus, even if we agreed with the State, that dismissal of the underlying complaint has the same effect as an indictment, we would not apply the old rule which precluded relief under article 32.01 whenever an indictment was obtained prior to the hearing on the accused's application for writ of habeas corpus. Nevertheless, we find the dismissal of justice court charges dispositive for another reason.

### 2. Dismissal Renders Writ Moot

■ Despite the language on the justice court docket sheet concerning a transfer to district court on March 28, 1994, no transfer appears to have been effected. Appellant's application for writ of habeas corpus filed on October 25, 1994, states the case was pending in the justice court. The justice court apparently exercised jurisdiction on October 31, 1994, by dismissing the charges against appellant. The record does not reflect any other charges pending against appellant. Therefore, the dismissal of the justice court complaint removed the threat of illegal restraint and confinement of which appellant complained in his application for writ of habeas corpus. This dismissal rendered appellant's application moot. *See Armes v. State*, 573 S.W.2d 7, 9 (Tex.Crim.App. [Panel Op.] 1978) (reaffirming the principle that the writ of habeas corpus lies only where the applicant is under some form of restraint of liberty, either imprisoned or on bail).

While it is not clear upon what basis the trial court denied relief to appellant, one basis before the court was mootness following the dismissal of the justice court complaint earlier that day. Therefore, we hold that the trial court did not abuse its discretion in denying the application for writ of habeas corpus.

### b. Effect of Differing Terms of Court in Brazoria County

The State raises a troubling issue by pointing out that, in the 239th District Court of Brazoria County, the terms of court are different than in the 23rd District Court in the same county. The result in this case could differ depending on the court assignment of appellant's case. However, this question is not before us today.

### c. The Constitutionality of Article 32.01

Because we have held that the dismissal of the justice court complaint rendered appellant's application for writ of habeas corpus moot, it is unnecessary to address the State's challenge to the constitutionality of article 32.01.

### Conclusion

We affirm the trial court's order denying appellant's application for writ of habeas corpus.

### OPINION ON MOTION FOR REHEARING

On motion for rehearing appellant argues that the court wrongly decided that dismissal

in the justice court of a felony cause of action rendered moot the writ of habeas corpus filed in the district court. We write further to explain the role of the justice of the peace as a magistrate in regard to felony petitions.

### Appellant's Position

Appellant claims the justice court had no jurisdiction in criminal cases except where a fine only may be imposed. Appellant points out his punishment for the felony offense alleged included two to 10 years confinement. Appellant relies on *Ex parte Ward*, 560 S.W.2d 660 (Tex.Crim.App.1978) for the proposition that the justice court has authority to take a felony complaint and issue a warrant of arrest, but does not have jurisdiction of a felony case. *Id.* at 662. Appellant concludes the justice court had no jurisdiction to dismiss the case, so that the writ of habeas corpus was still pending in the district court.

### Dual Criminal Jurisdiction of Justice Court

■ We agree with appellant that a justice court has jurisdiction over criminal cases where a fine only may be imposed and that the justice court has authority to take a felony complaint and issue a warrant of arrest, but does not have jurisdiction of a felony case. It appears, however, that appellant confuses the two roles of a justice of the peace: (1) the general criminal jurisdiction; and (2) jurisdiction as a magistrate. The real question is whether the justice court had jurisdiction over the complaint in its function as a magistrate such that its dismissal of the complaint constituted a dismissal of the case. The answer is clarified by an examination of the respective roles of a justice court exercising criminal jurisdiction as a justice of the peace and as a magistrate.

### a. General Criminal Jurisdiction of Justice Court

As pointed out by appellant, TEX.CODE CRIM.P.ANN. art. 4.11 (Vernon Supp.1995) provides that a justice court has jurisdiction over criminal cases where the fine does not exceed $500. This is the general criminal

jurisdiction of a justice of the peace. It does not include jurisdiction over felony cases. However, a justice of the peace is also a magistrate.

### b. Jurisdiction of Justice Court as Magistrate

The Texas Code of Criminal Procedure lists the justice of the peace as one of the officers that can function as a magistrate. TEX.CODE CRIM.P.ANN. art. 2.09 (Vernon Supp.1995). Also listed are judges of the district courts. *Id.* The duties of a magistrate include: (1) issuing arrest warrants pursuant to TEX.CODE CRIM.P.ANN. art. 15.03 (Vernon 1977); (2) filing complaints, which are the affidavits upon which warrants are based;[1] (3) giving the statutory warnings to an arrested person, pursuant to TEX.CODE CRIM.P.ANN. art. 15.17 (Vernon Supp.1995); (4) issuing search warrants pursuant to TEX. CODE CRIM.P.ANN. art. 18.01 (Vernon Supp. 1995); and (5) conducting examining trials pursuant to TEX.CODE CRIM.P.ANN. art. 16.01 (Vernon Supp.1995).

■ When a justice court holds an examining trial, he sits as a magistrate and not as a justice of the peace, and his powers and jurisdiction are those of the magistrate and not those of a justice of the peace. *Brown v. State*, 55 Tex.Crim. 572, 118 S.W. 139, 142 (App.1909). In *Ex parte Clear*, 573 S.W.2d 224 (Tex.Crim.App.1978), the issue before the court was whether the justice court had sole jurisdiction of the felony complaint filed therein. The court of criminal appeals in *Clear* stated that:

> all the magistrates of a given county have co-equal jurisdiction; indeed this appears to be nothing less than the plain import of the statute. More specifically, we hold that a justice of the peace acting as a magistrate has jurisdiction concurrent with that of a district judge who also seeks to exercise *magisterial* powers.

*Id.* at 228 (emphasis added).

The *Clear* court went on to state that TEX.CODE CRIM.P.ANN. art. 4.16 (Vernon 1977) provides: "When two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or a complaint shall first be filed shall retain jur-

---

1. *See* TEX.CODE CRIM.P.ANN. arts. 15.03, 15.04,    15.17 (Vernon 1977 & Supp.1995).

isdiction except as provided in Article 4.12."[2] The court held that the justice court "possessed sole jurisdiction over this complaint against relator, to the exclusion of all other courts, *until dismissed* by the court or superseded by the action of the grand jury, or until the time that the requirements of Article 1.141[3] of the Code of Criminal Procedure had been met." *Id.* at 229 (emphasis added, footnotes omitted).

### c. Application to This Case

Following the *Clear* case, the justice court herein, in its capacity as magistrate, had sole jurisdiction over the complaint by virtue of its having been originally filed there. The justice court retained that jurisdiction until it dismissed the complaint. *See Preston v. State,* 109 Tex.Crim. 610, 6 S.W.2d 757 (App. 1928) (holding that where the complaint filed in justice court was dismissed, another complaint charging the same offense could be filed subsequently in county court). Once the complaint was dismissed, appellant was under no criminal restraint and would not be under criminal restraint until further charges were filed or an indictment was returned by the grand jury. As we held on original submission, the habeas corpus proceeding in district court, challenging appellant's restraint based on the complaint pending in justice court, was rendered moot by the dismissal of the complaint in the justice court.

### Conclusion

Having explained the difference between the justice court's general criminal jurisdiction, where a justice court has no jurisdiction over a felony case, and its function as a magistrate, where a justice court has jurisdiction over a felony complaint, we overrule appellant's motion for rehearing.

COHEN and MIRABAL, JJ., also participating.

2. Article 4.12 deals with certain misdemeanor cases to be tried in justice court and thus is not applicable. See TEX.CODE CRIM.P.ANN. art. 4.12 (Vernon 1977).

3. Article 1.141 allows waiver of indictment for noncapital felony. TEX.CODE CRIM.PROC.ANN. art. 1.141 (Vernon 1977).