

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 26, 2004

The Honorable Tom Maness
Jefferson County Criminal District Attorney
Jefferson County Courthouse
1001 Pearl Street, 3d Floor
Beaumont, Texas 77701-3545

Opinion No. GA-0193

Re: Whether a county may pay a justice of the peace amounts over and above the justice's salary for conducting inquests and performing magisterial work (RQ-0141-GA)

Dear Mr. Maness:

On behalf of the Jefferson County Judge, you ask whether a county may pay a justice of the peace amounts over and above the justice's salary for conducting inquests and performing magisterial work.[1]

---

[1]Letter from Tom Rugg, First Assistant, Civil Division, Jefferson County Criminal District Attorney's Office, to Honorable Greg Abbott, Texas Attorney General (Dec. 4, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us); Letter from John Johnson, Assistant to Jefferson County Judge, to Tom Rugg, First Assistant, Civil Division, Jefferson County Criminal District Attorney's Office (Aug. 28, 2003) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Although the request letter specifically asks whether a county may pay a justice of the peace an hourly wage, over and above the justice's salary, for time spent conducting "arraignments," *see id.* at 1, a justice of the peace may not conduct an arraignment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(a), (c) (Vernon Supp. 2004) (omitting justices of the peace from the list of judges who may appoint counsel at an arraignment); *see* Tex. Att'y Gen. Op. No. JM-739 (1987) at 3 (noting that justices of the peace do not conduct arraignments). The term "arraigned" is sometimes used colloquially to indicate that an individual has been taken before a magistrate, but this usage is inconsistent with statutory language. *See Watson v. State*, 762 S.W.2d 591, 594 n.4 (Tex. Crim. App. 1988) (en banc) (stating that an appearance before a magistrate under article 15.17 of the Code of Criminal Procedure "is not arraignment in Texas").

You appear to ask instead about a justice's service as a magistrate under articles 14.06 and 15.17 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 14.06, 15.17 (Vernon Supp. 2004). Article 2.09 of the Code of Criminal Procedure lists, as officers who are magistrates "within the meaning of this Code . . . the justices of the peace." *Id.* art. 2.09.

We have been told that, "for a number of years," Jefferson County has compensated its justices of the peace "over and above" their normal salaries for each inquest they conduct. Request Letter, *supra* note 1, at 2.

> As early as 1971 (the first year for which the county's budget document was readily available in the Auditor's Office), justice of the peace budgets included a line item for "mileage (inquests)." From the 1980s to the present, the justice of the peace budgets included a line item for either "inquests" or "auto mileage (allowance)" and, since 1999-2000, both.

*Id.* For the last several years, we understand, the amount paid a justice of the peace per inquest has been $25. *See id.* It appears from your description that the Jefferson County justices of the peace have been receiving a payment for conducting an inquest as well as a transportation allowance for inquest-related travel expenses. *See id.* at 2-3. A commissioners court has specific authority to set an annual travel allowance for elected precinct officers. *See* TEX. LOC. GOV'T CODE ANN. §§ 152.011, .013(a) (Vernon 1999). For purposes of this opinion, and consistently with your express question, we consider only the supplement paid for conducting the inquest. *See* Request Letter, *supra* note 1, at 1.

We have also been told that, "[s]ince about 1990," Jefferson County has compensated justices of the peace for acting as weekend magistrates in accordance with articles 14.06 and 15.17 of the Code of Criminal Procedure. *Id.* at 3; *see* TEX. CODE CRIM. PROC. ANN. arts. 14.06, 15.17 (Vernon Supp. 2004). Article 14.06 requires that an arrested person be timely brought before a magistrate, who must, consistently with article 15.17, inform the person of the charges and of the person's rights. TEX. CODE CRIM. PROC. ANN. arts. 14.06, 15.17 (Vernon Supp. 2004). You indicate that the county pays the justices on a daily basis:

> This additional compensation is reflected as "overtime" in payroll records and is budgeted not in the budgets of the individual justices . . . but in the county's "general services" account. The current rate is approximately $240 per day (their regular hourly rate of $29.85 for a minimum of eight hours, regardless of how long they actually work). The amount paid varies from individual to individual, from pay period to pay period and from year to year.

Request Letter, *supra* note 1, at 3.

The County Judge now suggests that these payments, over and above the justices' salaries, are not legal and raises two issues. *See id.* at 1. First, he asks whether conducting inquests and serving as a magistrate under articles 14.06 and 15.17 of the Code of Criminal Procedure are "statutory duties of justices of the peace." *Id.* Second, if inquests and magisterial duties are statutory duties of justices of the peace, he asks "what authority exists, if any, to compensate justices . . . in an amount over and above their salary for performing those duties." *Id.* The County Judge does not ask whether a county may pay different salaries to the different justices, based upon the estimated number of hours to be spent conducting inquests or serving as a magistrate, and we therefore do not

address the issue. *See* Tex. Att'y Gen. Op. No. DM-51 (1991) at 4 (concluding that a commissioners court constitutionally could establish a pay scale differential for justices of the peace within the county, based on the number of cases filed in each court).

A justice of the peace is a salaried officer. Article XVI, section 61 requires commissioners courts "to compensate all justices of the peace ... on a salary basis." TEX. CONST. art. XVI, § 61(b). Under section 154.002 of the Local Government Code, a salaried precinct officer, such as a justice of the peace, *see* TEX. CONST. art. XVI, § 61(b), "receives the salary instead of all fees, commissions, and other compensation the officer would otherwise be authorized to keep, except as otherwise provided by" chapter 154, subchapter A. TEX. LOC. GOV'T CODE ANN. § 154.002 (Vernon 1999). Salaried officers generally must deposit any fees received for performing required duties in the county treasury. *See* TEX. CONST. art. XVI, § 61(d).

A county commissioners court annually must set elected county officers' "salar[ies], expenses, and other allowances" during the commissioners' "regular budget hearing and adoption proceedings." TEX. LOC. GOV'T CODE ANN. § 152.013(a) (Vernon 1999). At least ten days before the commissioners' regular meeting considering the proposed budget, the commissioners must publish notice apprising the public of increases in salaries, expenses, or allowances, *see id.* § 152.013(b), and must specifically notify each elected officer "of the officer's salary and personal expenses to be included in the budget," *id.* § 152.013(c). Once the commissioners court has adopted a budget, section 152.013 of the Local Government Code does not permit it to change an officer's salary until it adopts the subsequent annual budget. *See* Tex. Att'y Gen. Op. No. GA-0162 (2004) at 2; Tex. Att'y Gen. LO-95-018, at 2. A salary increase that was not set in accordance with the statutory notice requirements is invalid. *See* Tex. Att'y Gen. Op. No. GA-0162 (2004) at 2.

No statute authorizes a county commissioners court to pay a justice an amount, over and above the justice's budgeted salary, expenses, and allowances, for inquests or magisterial work. A county commissioners court may exercise only those powers that the state constitution and statutes confer upon it, either explicitly or implicitly. *See* TEX. CONST. art. V, § 18 (providing that a county commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State"); *Guynes v. Galveston County*, 861 S.W.2d 861, 863 (Tex. 1993) (stating that "the legal basis for any action taken [by a commissioners court] must be grounded ultimately in the constitution or statutes") (and cases cited therein). Indeed, section 154.004 of the Local Government Code prohibits a county from paying "a fee or commission" to a precinct officer, such as a justice of the peace, for performing a service.[2] TEX. LOC. GOV'T CODE ANN. § 154.004(c) (Vernon 1999); *see id.* § 154.001 (defining the term "precinct officer" to include a justice of the peace).

---

[2]As you suggest, prior to 1985, article 1053 of the Code of Criminal Procedure expressly authorized a county to pay a justice $10 for performing an inquest. *See* Request Letter, *supra* note 1, at 2; *see also* Act of May 17, 1985, 69th Leg., R.S., ch. 269, § 5(2), 1985 Tex. Gen. Laws 1300, 1307 (repealing article 1053 of the Code of Criminal Procedure). The 1985 legislation codified titles 1 and 2 of the Code of Criminal Procedure. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 269, § 1, 1985 Tex. Gen. Laws 1300, 1300. Noting article 1053's proposed repeal, the Texas Legislative Council stated that the statutory predecessor of section 154.004 of the Local Government Code prohibited a county from paying a fee or commission to a justice paid an annual salary; article 1053 was, accordingly, "meaningless." TEX. LEG. COUNCIL, REVISOR'S REPORT: TITLE 2, CODE OF CRIMINAL PROCEDURE, at 41, 62-63 (1985).

Consequently, the salary the commissioners court establishes for a justice of the peace in the annual budget process compensates the justice for all "constitutional and statutory duties." Tex. Att'y Gen. Op. No. GA-0145 (2004) at 5. While a justice has express statutory authority to retain a fee from third parties for performing nonrequired services, such as marriage ceremonies, *see* TEX. LOC. GOV'T CODE ANN. § 154.005(a) (Vernon 1999); Tex. Att'y Gen. Op. No. GA-0145 (2004) at 5, a justice may not "receive extra compensation for performing . . . official duties prescribed by law," Tex. Att'y Gen. Op. No. DM-397 (1996) at 1. Thus, a commissioners court may not pay a justice of the peace additional compensation for conducting inquests or serving as a magistrate if either function is among a justice's mandatory duties.

We conclude that a justice of the peace has a mandatory duty to perform inquests. Article 49.04 of the Code of Criminal Procedure requires a justice of the peace to "conduct an inquest into the death of a person who dies in the county" in certain circumstances. TEX. CODE CRIM. PROC. ANN. art. 49.04(a) (Vernon Supp. 2004). The justice must conduct the inquest "immediately or as soon as practicable after the justice receives notification of the death." *Id.* art. 49.05(a). *But see id.* art. 49.25, § 12 (transferring all inquest-related powers and duties from a justice of the peace to a medical examiner in a county with a medical examiner). As a justice must conduct an inquest when the statute requires it, a commissioners court may not pay the justice additional compensation for doing so.

We similarly conclude that a justice of the peace has a mandatory duty to serve as a magistrate. When an arrested person is taken before a magistrate, "[t]he magistrate *shall* inform the person arrested" of the charge brought against the person and of the person's rights. TEX. CODE CRIM. PROC. ANN. art. 15.17(a) (Vernon Supp. 2004) (emphasis added); *see also Ex parte Knight*, 904 S.W.2d 722, 726 (Tex. App.–Houston [1st Dist.] 1995, pet. ref'd) (explaining that a justice of the peace has "two roles": (1) a justice's "general criminal jurisdiction, and (2) jurisdiction as a magistrate"). Consequently, a commissioners court may not pay a justice additional compensation for serving as a magistrate.

If a county wishes a justice's salary to reflect time spent conducting inquests or serving as a magistrate, the commissioners court must address these matters during the normal budget process. *See* Tex. Att'y Gen. Op. No. DM-51 (1991) at 4; *see also* Tex. Att'y Gen. Op. No. JC-0389 (2001) at 5 (stating that a county may pay different salaries to constables in different precincts if each precinct's circumstances reasonably require different salaries and if each salary is in itself reasonable).

## S U M M A R Y

A county may not pay a justice of the peace amounts over and above the justice's salary for conducting inquests and serving as a magistrate.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee