**Denied and Opinion Filed October 3, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-01136-CV
_____

### IN RE JARON NOTTER, Relator

**Original Proceeding from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 18-W000124**

# MEMORANDUM OPINION

Before Justices Lang, Myers, and Whitehill
Opinion by Justice Myers

Relator Jaron Notter was arrested in Grayson County and charged with felony aggravated

assault with a deadly weapon causing serious bodily injury – family/house. Relator's counsel filed

a motion for examining trial in the district court pursuant to article 16.01 of the code of criminal

procedure and an application for writ of habeas corpus seeking release for lack of probable cause.

The trial court declined to set the motion and application for hearing and instructed relator's

counsel to file the motion in the county court at law because "it is the long standing custom in"

Grayson County for the county courts at law to hear examining trials. In this original proceeding,

relator contends that the trial court violated a ministerial duty by not hearing and ruling on his

motion for examining trial and on his application for writ of habeas corpus.

To establish a right to mandamus relief in a criminal case, the relator must show that the

trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel.*

*Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). An act is "ministerial" if it does not involve the exercise of any discretion:

> [A] "ministerial" act is one which is accomplished without the exercise of discretion or judgment. If there is any discretion or judicial determination attendant to the act, it is not ministerial in nature. Nor is a ministerial act implicated if the trial court must weigh conflicting claims or collateral matters which require legal resolution.

*State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (opinion on reh'g) (internal citations omitted). To be ministerial, the relief sought must be "clear and indisputable" such that its merits are "beyond dispute." *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927–28 (Tex. Crim. App. 2001) (internal citations omitted). The law must "clearly spell [ ] out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment." *Id.* The act must be "positively commanded and so plainly prescribed" under the law "as to be free from doubt." *Id.*

> Article 16.01 provides that
>
> the accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense, whether he be in custody or on bail, at which time the magistrate at the hearing shall determine the amount or sufficiency of bail, if a bailable case.

TEX. CRIM. PROC. CODE § 16.01. County court at law judges as well as many other categories of judge are magistrates within the meaning of the code of criminal procedure when holding an examining trial. TEX. CRIM. PROC. CODE § 2.09; *see, e.g., Ex parte Knight*, 904 S.W.2d 722, 726 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) ("When a justice court holds an examining trial, he sits as a magistrate and not as a justice of the peace, and his powers and jurisdiction are those of the magistrate and not those of a justice of the peace."). The code of criminal procedure does not require examining trials for felonies to be conducted by a district court. TEX. CRIM. PROC. CODE § 16.01.

Based on the record before us and the plain language of the applicable statutes, we conclude that the trial court did not have a ministerial duty to hear or rule on relator's motions. Accordingly, we deny relator's petition for writ of mandamus. *See In re Hernandez*, No. 05-12-01729-CV, 2013 WL 231727, at *1 (Tex. App.—Dallas Jan. 16, 2013, orig. proceeding) (mem. op.) (denying petition for writ of mandamus where relator complained that trial court violated a ministerial duty by not ruling on his motion for examining trial).

/Lana Myers/
LANA MYERS
JUSTICE

181136F.P05