**Opinion issued January 25, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00308-CR**

———————————

**EX PARTE ROBERT SOLIZ JR., Appellant**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1807048**

---

## MEMORANDUM OPINION

Appellant, Robert Soliz Jr., challenges the trial court's order denying his pretrial application for writ of habeas corpus.[1]

We dismiss for lack of jurisdiction.

---

[1]   *See* TEX. R. APP. P. 31.

Appellant was charged with two felony offenses of aggravated assault[2] and the felony offense of possession of marijuana.[3] In each trial court cause number, appellant filed a pretrial application for writ of habeas corpus, asserting that he was being "illegally confined and restrained of liberty" because he had been "denied bond." After a hearing, the trial court denied appellant's pretrial applications for writ of habeas corpus. On March 7, 2023, appellant filed a notice of appeal from the trial court's denial of his habeas applications.

However, the appellate record reflects that appellant's appeal from the trial court's denial of his habeas applications has been rendered moot. Specifically, the appellate record shows that on June 16, 2023, in trial court case number 1697711, the trial court entered a Judgment of Conviction by Court. The trial court's judgment reflects that appellant pleaded guilty to the felony offense of aggravated assault and the trial court assessed his punishment at confinement for five years.

The appellate record further shows that on June 16, 2023, on the motion of the State, the trial court dismissed trial court cause number 1697712 pursuant to appellant's plea agreement in trial court cause number 1697711. Also, on June 16, 2023, on the motion of the State, the trial court dismissed trial court cause number

---

[2]     *See* TEX. PEN. CODE ANN. § 22.02(a)(2). Appellant was charged with two felony offenses of aggravated assault in trial court cause numbers 1697711 and 1697712.

[3]     *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121. Appellant was charged with the felony offense of possession of marijuana in trial court cause number 1698916.

1698916 pursuant to appellant's plea agreement in trial court cause number 1697711.

Because each of the underlying trial court cases have been disposed of, appellant's appeal from the trial court's order denying his applications for writ of habeas corpus has been rendered moot.

"Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law." *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). "The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (internal quotations omitted). Where, as here, each of appellant's underlying cases have been disposed of, either by entry of judgment or dismissal, the requested habeas relief has been mooted. *See Ex parte Pete*, No. 01-22-00259-CR, 2022 WL 16985609, at *2 (Tex. App.—Houston [1st Dist.] Nov. 17, 2022, pet. ref'd) (mem. op., not designated for publication) ("An appeal challenging the denial of a pretrial application for writ of habeas corpus is rendered moot when the appellant is convicted of the underlying offense before the appellate court rules on his appeal."); *see also Ex parte Williams*, No. 14-03-00482-CR, 2004 WL 349928, at *1 (Tex. App.—Houston [14th Dist.] Feb. 26, 2004, no pet.) (mem. op., not designated for

publication) (dismissing appeal of trial court's habeas ruling as moot where cause against appellant was dismissed as part of plea agreement); *Ex parte Knight*, 904 S.W.2d 722, 725 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) (appellant's application for writ of habeas corpus rendered moot where trial court dismissed case).

On December 18, 2023, the Clerk of the Court directed appellant to, within ten days of the date of the notice, either file a motion to dismiss the appeal as moot, or file a written response, with citation to the law and record, demonstrating that the appeal had not been rendered moot. Appellant failed to respond to the December 18, 2023 notice.

Because the cases against appellant have been disposed, "the premise of [appellant's] habeas corpus application is destroyed . . . [and] the legal issues raised thereunder are moot." *See Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (internal quotations omitted). Accordingly, the Court dismisses the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We also dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).