**Opinion issued March 28, 2024**



In The

# Court of Appeals

### For The

## First District of Texas

---------------------

### NO. 01-23-00176-CR
---------------------

### EX PARTE WARREN MCGEE, Appellant

---

### On Appeal from the 339th District Court
### Harris County, Texas
### Trial Court Case No. 1805010

---

### MEMORANDUM OPINION

Appellant, Warren McGee, challenges the trial court's March 2, 2023 order denying his "Second Amended Petition for Writ of Habeas Corpus."[1] In his habeas petition,[2] McGee asserted that he had been "illegally confined and restrained in his

---

[1] *See* TEX. PEN. CODE ANN. § 25.07(a)(3)(A).

[2] Appellant initially filed his "Petition for Writ of Habeas Corpus" on January 31, 2023. However, the appellate record reflects that he filed his "Second Amended

liberty . . . by virtue of a Judgment of Contempt and Commitment Order" entered by the County Criminal Court at Law No. 16 on November 14, 2022.

However, on January 31, 2023, the County Criminal Court at Law No. 16 withdrew, set aside, and "dismissed by order of the court" the November 14, 2022 Judgment of Contempt and Commitment Order. The trial court then held a hearing on McGee's habeas application on March 2, 2023. During the hearing, the trial court noted that the underlying Judgment of Contempt and Commitment Order had been "dismissed and vacated," and that McGee was "not in custody because . . . [the Judgment of Contempt and Commitment Order had] been dismissed and vacated." The trial court further noted that McGee's habeas petition "ultimately asked [the trial court] to do . . . something that literally ha[d] already been done" by the County Criminal Court at Law No. 16, dismissing and vacating the Judgment of Contempt and Commitment Order, rendering the habeas petition moot. Accordingly, on March 2, 2023, the trial court executed a form order denying the relief requested in McGee's habeas petition by checking a box that "Order[ed] Relief Denied." On March 6, 2023, appellant filed a notice of appeal from the trial court's denial of his habeas petition.

We dismiss the appeal for lack of jurisdiction.

Petition for Writ of Habeas Corpus" on February 16, 2023. Appellant's notice of appeal states that he seeks to appeal the trial court's "denial of relief on [appellant's] Second Amended [Petition] for Writ of Habeas Corpus on March 2, 2023."

2

"Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law." *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). "The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no writ) (internal quotations omitted); *see also Ex parte Sifuentes*, 639 S.W.3d 842, 845 (Tex. App.—San Antonio 2022, pet. ref'd). "A court of appeals has no jurisdiction to decide moot controversies and issue advisory opinions." *Ex parte Huerta*, 582 S.W.3d 407, 411 (Tex. App.—Amarillo 2018, pet. ref'd).

Here, the basis of McGee's habeas petition was the November 14, 2022 Judgment of Contempt and Commitment Order entered by the Court Criminal Court at Law No. 16. In his habeas petition, McGee argued that he was entitled to habeas relief because the November 14, 2022 judgment was "void" and "constitutionally deficient." McGee therefore requested that his petition for habeas relief be granted and that he be "discharged."

However, as the trial court noted, the judgment of contempt which formed the basis of McGee's habeas petition was withdrawn and "dismissed and vacated" by the County Criminal Court at Law No. 16. Accordingly, McGee's requested habeas relief has been mooted. *See Ex parte Knight*, 904 S.W.2d 722, 725 (Tex. App.—

Houston [1st Dist.] 1995, writ ref'd) (appellant's application for writ of habeas corpus rendered moot where trial court dismissed case).

Although, in his habeas petition, McGee argued that the order setting aside and dismissing the Judgment of Contempt and Commitment Order was "insufficient," because it was "by no means obvious that the[] action[] had any legal effect," McGee's habeas petition provided no legal authority in support of this conclusory assertion, nor are we aware of any such authority. During the hearing on McGee's habeas petition, the trial court noted that the withdrawal and dismissal of the judgment of contempt rendered the request for habeas relief "moot." We agree.

Because the cause against McGee has been dismissed, "the premise of [McGee's] habeas corpus application is destroyed . . . [and] the legal issues raised thereunder are moot." *See Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (internal quotations omitted). Accordingly, the Court dismisses the appeal for lack of jurisdiction as moot. *See* TEX. R. APP. P. 43.2(f). We also dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).