# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00006-CR

**Jamie Edward Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 09-1868-K368, THE HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Jamie Edward Johnson of possession of a controlled substance, methamphetamine, in an amount of less than one gram. *See* Tex. Health & Safety Code Ann. §§ 481.102, 481.115 (West 2010). The jury found the enhancement paragraphs of the indictment, alleging three prior felony convictions, to be true and assessed his punishment at confinement for seven and one-half years in the Institutional Division of the Texas Department of Criminal Justice and, in addition, assessed a $2,000 fine. *See* Tex. Penal Code Ann. §§ 12.34 (West 2011), 12.42(a) (West Supp. 2010). Johnson appeals, raising nine points of error.[1] We affirm.

---

[1] In his brief, Johnson raises ten points of error. Johnson initially filed a notice of appeal and, after the trial court denied his motion for an appeal bond, an amended notice of appeal. The parties submitted combined briefs on all the points of error raised, including the trial court's denial of an appeal bond. However, an article 44.04 appeal is separate from the appeal of the conviction and punishment, and therefore must be perfected by a separate notice of appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.04(g) (West 2006); *Ortiz v. State*, 299 S.W.3d 930, 932 (Tex. App.—Amarillo 2009, no pet.). We construed Johnson's amended notice of appeal as a separate

**BACKGROUND**

On December 15, 2009, Michelle Christensen, a Cedar Park Police Detective, was off duty working an extra job as security at a hockey game at the Cedar Park Event Center. Before the game, her attention was drawn to Johnson while he was waiting in line for the gates to open. She noticed his "fidgety" behavior and, based on her training in drug recognition, believed him to be under the influence of a CNS (central nervous system) stimulant. During the game, Johnson sat in the section Detective Christensen was assigned to monitor. She observed him exhibit "anxious behavior"—repeatedly standing up and sitting back down, leaning against the railing, taking off his hat and putting it back on, and looking around "nervously." When Johnson left his seat during the intermission between the first two periods of the game, she followed him and saw him enter the men's bathroom. While Johnson was in the bathroom, Christensen conferred with her husband, Cedar Park Police Officer Joseph Christensen, who was also working security at the game, about Johnson's behavior.

When Johnson exited the bathroom, he was repeatedly blowing his nose and sniffling. After returning to his seat, the officers observed him putting paper towels up his nose. During the second period, he continued to exhibit behaviors that both officers considered consistent with drug use—looking around nervously, repeatedly standing up and sitting down in an agitated manner,

notice of appeal from the trial court's order denying the appeal bond. We separated the appeal from the order denying an appeal bond from the appeal from the judgment of conviction, but we did not require the parties to redraw their briefs to separate the points of error. *See Johnson v. State*, No. 03-10-00770-CR, 2012 WL 378091 (Tex. App.—Austin Feb. 1, 2012, order). Johnson's appeal of the denial of his appeal bond appears in *Johnson v. State*, No. 03-10-00770-CR, 2012 WL 432152 (Tex. App.—Austin Feb. 8, 2012, no pet.) (mem. op.) (not designated for publication).

repeatedly removing and replacing his hat, and continually grinding his teeth. After the second period, Johnson again went to the bathroom during the intermission. This time Officer Christensen followed him into the bathroom. The officer heard sniffing noises—loud inhales through the nose, the type of sniffing he associated with the snorting of a drug—coming from Johnson's stall. When Johnson left the bathroom, Detective Christensen and Officer Christensen approached him and asked to speak with him. He agreed and they went outside.

Once outside, Officer Christensen asked Johnson if he had any narcotics or weapons in his possession. Johnson said he did not. Officer Christenson explained to Johnson that he believed Johnson was under the influence of a narcotic and asked for consent to search his person. Johnson consented. As Officer Christensen searched him, Johnson told the officers that he had methamphetamine in a napkin. When confronted with the fact that most people who possess methamphetamine do not carry it in a napkin, Johnson admitted that he had some methamphetamine in a baggie in his wallet earlier but that it was gone. Officer Christenson removed the wallet and gave it to Detective Christensen. Inside the wallet, she recovered a small plastic baggie that appeared to have methamphetamine residue in it. Johnson was then arrested for possession of a controlled substance. Subsequent lab testing confirmed that the trace amount of substance in the baggie was methamphetamine.

## DISCUSSION

On appeal, Johnson raises nine points of error complaining of error during jury selection, evidentiary insufficiency, the erroneous admission of evidence during the guilt-innocence

3

phase, improper jury argument, and cruel and unusual punishment. For the reasons set out below, we overrule his points of error and affirm the conviction and sentence.

## *Jury Selection*

In two points of error, Johnson complains about error during jury selection. In his second point of error, he asserts that the State asked multiple improper commitment questions during the course of voir dire. Specifically, he contends the prosecutor's questions relating to the difference between possession and ownership and questions attempting to discern how prospective jurors felt about convicting for possession of only residue amounts of a controlled substance were improper commitment questions. Johnson acknowledges that he failed to object to any purportedly improper questions during voir dire at the time they were asked. He argues, however, that the complained-of questions rose to the level of fundamental error and thus no objection was required.

In his ninth point of error, Johnson argues that comments by a venire member during voir dire violated his due-process rights. He maintains that a prospective juror tainted the entire panel because the prospective juror indicated, in response to defense counsel's questioning about the presumption of innocence, that he could not presume Johnson innocent because of his body language and demeanor. Johnson again concedes that he failed to object to the venire member's comments at the time they were made but again asserts that no objection was required because the error rose to the level of fundamental error.

Preservation of error is a systemic requirement on appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009); *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). Normally, a reviewing court should not address the merits of an issue that has

4

not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473-74 (Tex. Crim. App. 2010) (citing *Ford*, 305 S.W.3d at 532). To preserve a complaint for appellate review, a party must have presented a specific and timely request, motion, or objection to the trial court and, further, must have obtained an adverse ruling. Tex. R. App. P. 33.1(a); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011); *Peavey v. State*, 248 S.W.3d 455, 470 (Tex. App.—Austin 2008, pet. ref'd). Most complaints are subject to forfeiture by failure to comply with Rule 33.1(a) of the Rules of Appellate Procedure. *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004). Even constitutional rights—including the right of due process and due course of law—may be waived if the proper request, objection, or motion is not asserted in the trial court. *Saldano v. State*, 70 S.W.3d 873, 886-87 (Tex. Crim. App. 2002); *see Mendez*, 138 S.W.3d at 342.

The preservation requirements of Rule 33.1 do not apply, however, to rights which are waivable only by plain and affirmative statement, nor to absolute systemic requirements, the violation of which may be raised for the first time on appeal. *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009). Systemic requirements—also known as absolute requirements or prohibitions—are laws that a trial court has a duty to follow even if the parties wish otherwise. *Mendez*, 138 S.W.3d at 340. Examples of systemic requirements include jurisdiction of the person and jurisdiction of the subject matter. *Saldano*, 70 S.W.3d at 888. "Waivable only" rights, such as the right to trial by jury, are "rights of litigants which must be implemented by the system unless expressly waived." *Mendez*, 138 S.W.3d at 340; *Saldano*, 70 S.W.3d at 888.

Johnson argues that because due process requires an impartial jury, no objection is required to preserve the complained-of errors in jury selection. However, Johnson does not direct

5

us to any authority, and we have found none, characterizing improper voir dire questions or a juror's expression of his personal opinion as systemic, waivable-only, or otherwise "fundamental" error.[2] Johnson confuses constitutional rights with absolute systemic requirements or fundamental error. Numerous constitutional rights, including those that implicate a defendant's due-process rights, may be forfeited for purposes of appellate review unless properly preserved. *Anderson v. State*, 301 S.W.3d 276, 279-80 (Tex. Crim. App. 2009) (rejecting "due process" exception to error preservation requirement).

Johnson's failure to object at trial failed to preserve error relating to any alleged improper commitment questions. Further, because Johnson failed to object to the complained-of juror statement, he failed to preserve error relating to his due-process complaint that the juror's comment tainted the venire panel. Accordingly, we overrule his second and ninth points of error.

### *Admission of Prior Convictions*

Johnson argues in his first point of error that the trial court erred in admitting evidence of his prior criminal history during the guilt-innocence phase of trial because the probative value of this evidence was substantially outweighed by the prejudicial effect. He maintains that the trial court should have excluded evidence of the following prior convictions: his 2007 state jail felony conviction for possession of a controlled substance, his 2002 state jail felony conviction for

---

[2] Johnson relies upon *Brumit v. State* for his contention that the requirement of a fair and impartial jury is an absolute requirement. However, Johnson's reliance upon *Brumit* is misplaced. In *Brumit*, the court of criminal appeals merely recognized that due process requires a neutral and detached hearing body or officer. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). The court actually declined to address the preservation issue under *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993). *Id.* at 644-45.

possession of a controlled substance, his 2008 misdemeanor conviction for burglary of a motor vehicle, and his 2008 misdemeanor conviction for family violence assault.[3]

In his brief, Johnson argues that the admission of the complained-of prior convictions violated both Rules 403 and 609 of the Texas Rules of Evidence. At trial, however, Johnson objected to the admission of this evidence only under Rule 403. In fact, defense counsel explicitly stated that he was not objecting to the admission of this evidence under Rule 609—that is, he was not complaining that the evidence was improper impeachment, only that it was more prejudicial than probative under Rule 403. Therefore, Johnson failed to preserve his Rule 609 complaint for appellate review. *See* Tex. R. App. P. 33.1(a); *Pena*, 353 S.W.3d at 807; *Peavey*, 248 S.W.3d at 470. Accordingly, we review only his complaint that the trial court erred by admitting the complained-of prior convictions in violation of Rule 403.[4]

We review a trial court's decision to admit or exclude evidence—including its determination as to whether the probative value of evidence was substantially outweighed by its

---

[3] The State also offered evidence of Johnson's 2008 state jail felony conviction for theft of a person and his 2006 misdemeanor conviction for theft. No objection was made to the State's impeachment of Johnson with these prior convictions.

[4] Rule 609 states that evidence of a prior conviction shall be admitted for impeachment purposes if its probative value outweighs its prejudicial effect. Tex. R. Evid. 609. *Theus v. State* is the interpretive case for Rule 609, instructing when prior convictions are admissible for impeachment purposes under that rule. *See Theus v. State*, 845 S.W.2d 874, 879-81 (Tex. Crim. App. 1992). In *Theus*, the court of criminal appeals articulated a non-exclusive list of five factors for courts to consider in determining whether a prior conviction's probative value outweighs its prejudicial effect for purposes of Rule 609. *See id.* at 880-81. These are the factors guiding the trial court's probative versus prejudice balancing test under Rule 609. In this case, however, Johnson's failure to object under Rule 609 waived error as to any violation of Rule 609. Thus, the corresponding *Theus* factors—guiding the balancing test under Rule 609—are not applicable. Consequently, we conduct our review only of the trial court's ruling on the Rule 403 objection based on the factors the trial court must consider under a Rule 403 balancing test.

7

prejudicial effect—under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010), *cert. denied*, 131 S.Ct. 2966 (2011). A trial court abuses its discretion in this regard only if its determination "lies outside the zone of reasonable disagreement." *Id.*; *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). A trial court is afforded wide discretion in deciding whether to admit evidence of a defendant's prior conviction. *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992).

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403. When undertaking a Rule 403 analysis, a trial court must balance

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Martinez*, 327 S.W.3d at 737; *Young v. State*, 283 S.W.3d 854, 876 (Tex. Crim. App. 2009). Further, Rule 403 does not require exclusion of evidence simply because it creates prejudice; the prejudice must be "unfair." *Martinez*, 327 S.W.3d at 737; *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). The rule envisions exclusion of evidence only when

there is a clear disparity between the degree of prejudice of the offered evidence and its probative value. *Gayton v. State*, 331 S.W.3d 218, 227 (Tex. App.—Austin 2011, pet. ref'd) (citing *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009)).

*Probative Value*

The Texas Rules of Evidence allow for impeachment of a witness's credibility with evidence of a conviction for a felony or a crime of moral turpitude if the probative value of admitting the evidence outweighs its prejudicial effect. Tex. R. Evid. 609(a). Johnson's two convictions for possession of a controlled substance were convictions for felony offenses. *See* Tex. Health & Safety Code Ann. § 481.115(a), (b) (West 2010). The misdemeanor family violence assault conviction involved a crime of moral turpitude. *See Jackson v. State*, 50 S.W.3d 579, 592 (Tex. App.—Fort Worth 2001, pet. ref'd) (male on female misdemeanor assault constitutes crime of moral turpitude); *Lopez v. State*, 990 S.W.2d 770, 778 (Tex. App.—Austin 1999, no pet.) (same). In addition, burglary of a motor vehicle is a crime of deception. *See LaHood v. State*, 171 S.W.3d 613, 621 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (burglary of non-habitation is crime of deception); *White v. State*, 21 S.W.3d 642, 647 (Tex. App.—Waco 2000, pet. ref'd) (burglary of habitation is crime of deception); *see also Theus*, 845 S.W.2d at 881 (recognizing impeachment value of prior crimes involving deception). Thus, the trial court could have reasonably concluded that the four complained-of convictions were probative of Johnson's credibility.

Further, the baggie recovered from Johnson's wallet contained only trace amounts of methamphetamine. Thus, the State had to prove, through evidence other than simply his possession, that Johnson had knowledge that the substance in his possession was a controlled

9

substance. *See King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). The trial court could have reasonably concluded that the evidence of his prior convictions for possession of a controlled substance demonstrated his familiarity with illegal controlled substances and therefore were also probative to the issue of Johnson's knowledge.

*State's Need for Evidence*

For the reasons discussed above, the trial court could have found that the State's need for the evidence of Johnson's prior convictions was strong. Because Johnson testified, his credibility was at issue. *See Dale v. State*, 90 S.W.3d 826, 829-30 (Tex. App.—San Antonio 2002, pet. ref'd) (defendant who testifies at trial places credibility at issue and is subject to impeachment); *see also Alexander v. State*, 740 S.W.2d 749, 763 (Tex. Crim. App. 1987). In addition, the State had to prove Johnson's knowledge of the illegality of the substance in his possession. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Consequently, the trial court could have reasonably concluded that the evidence of Johnson's criminal history was necessary for the prosecution.

*Unfair Prejudice*

"Unfair prejudice" refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *Casey*, 215 S.W.3d at 879 (citing *Gigliobianco*, 210 S.W.3d at 641). Evidence might be unfairly prejudicial if, for example, it arouses the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence. *Id.* at 880. The danger of unfair prejudice exists only when the evidence has the potential

10

to impress the jury in an irrational way. *Martinez*, 327 S.W.3d at 737 (citing *Mechler*, 153 S.W.3d at 440-41).

Although the evidence of Johnson's prior convictions may have a tendency to suggest a verdict on an improper basis because of the inherently prejudicial nature of prior criminal conduct, the same is true of all evidence of a defendant's previous convictions. Nevertheless, Rule 609 explicitly provides for impeachment with prior convictions for felonies and crimes of moral turpitude. Moreover, in this case the trial court instructed the jury in the court's charge that it could consider the evidence of Johnson's prior convictions only for the purpose of impeaching his credibility. We presume that the jury obeyed these instructions. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003) (appellate courts presume jury follows trial court's instructions). Nothing in the record suggests the jury disregarded the trial court's instructions. The court did what it could to mitigate any potential improper influence of the complained-of evidence.

*Confusion of the Issues*

"Confusion of the issues" refers to a tendency to confuse or distract the jury from the main issues in the case. *Casey*, 215 S.W.3d at 880. Here, the evidence of Johnson's prior convictions was straightforward and directly relevant to several issues in the case, namely Johnson's credibility and knowledge of the illegality of the substance in his possession. *See* Tex. R. Evid. 401 (evidence is relevant if it makes material fact more or less probable).

11

*Misleading the Jury*

"Misleading the jury" refers to a tendency of an item of evidence to be given *undue* weight by the jury on other than emotional grounds. *Casey*, 215 S.W.3d at 880. For example, "'scientific' evidence might mislead a jury that is not properly equipped to judge the probative force of the evidence." *Gigliobianco*, 210 S.W.3d at 641 (citation omitted). The complained-of evidence of Johnson's previous convictions was not prone to this tendency, as it concerned matters easily comprehensible by laypeople.

*Undue Delay or Needless Presentation of Cumulative Evidence*

"Undue delay" and "needless presentation of cumulative evidence" concern the efficiency of the trial proceeding rather than the threat of an inaccurate decision. *Casey*, 215 S.W.3d at 880. The entirety of the evidence of Johnson's criminal history, including the complained-of previous convictions, was presented in a relatively brief amount of time when the prosecutor cross-examined Johnson. The exchange consisted of seven questions, only four of which related to the complained-of convictions, and the entirety of this exchange occupies only one page of approximately 172 pages of trial testimony during the guilt-innocence phase. *See, e.g.*, *Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996) (factor weighed in favor of admission where extraneous-offense testimony amounted to "less than one-fifth" of trial testimony). Moreover, the evidence was not repetitive but was unlike any other evidence presented.[5]

---

[5] Johnson contends that this evidence was unnecessarily cumulative because the State could have impeached him with only his two previous theft convictions. However, Rule 609 places no restriction on the number of previous convictions that may be used to impeach a witness's credibility. Arguably, the number of previous convictions corresponds to the level of impeachment

*The Rule 403 Factors*

Considering all the 403 factors, we cannot conclude that the probative value of the evidence of the complained-of prior convictions was substantially outweighed by the potential for unfair prejudice. *See Garcia v. State*, 201 S.W.3d 695, 704 (Tex. Crim. App. 2006) ("[W]hen determining whether evidence is admissible under Rule 403, we do not consider just whether the evidence is more prejudicial than probative, we consider whether the probative value is substantially outweighed by the danger of unfair prejudice."). In light of the State's burden of proof and the matters placed in issue by the defense, we cannot say that the trial court abused its discretion in admitting the complained-of evidence of Johnson's criminal history at trial. We overrule his first point of error.

### Jury Argument

In his sixth and seventh points of error, Johnson complains about the State's jury argument. Specifically, in his sixth point of error he maintains that the following three statements made by the prosecutor were improper jury argument:

1.  "He is a thief. He is a burglar. He is a drug abuser and he is a person who beats up his family."

2.  "People take intoxilyzer tests in DWIs all the time, and they're over the limit."

3.  "He's the one who took his nasty meth, snorted it in the bathroom and went back to the game with children and families."

---

of the witness's credibility—the more previous convictions, the greater the impeachment.

To preserve error regarding improper jury argument for appellate review, a defendant must object and pursue his objection to an adverse ruling. *See Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010), *cert. denied*, 131 S.Ct. 905 (2011); Tex. R. App. P. 33.1(a). A defendant must contemporaneously object to the statement, request an instruction that the jury disregard the statement if the objection is sustained, and move for a mistrial if an instruction to disregard is given. *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). A defendant's failure to object to a jury argument, or failure to pursue an adverse ruling to his objection to the jury argument, forfeits his right to complain about the jury argument on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Even if the jury argument error was such that it could not be cured by an instruction, a defendant is still required to object and request a mistrial. *Mathis v. State*, 67 S.W.3d 918, 926-27 (Tex. Crim. App. 2002).

During final jury argument, Johnson objected to the State's argument describing him as a thief, burglar, drug abuser, and person who beats up his family. The trial court sustained the objection. Johnson did not request a jury instruction or move for a mistrial. Thus, Johnson has no adverse ruling about which to complain. He has failed to preserve any alleged error relating to this statement. Further, Johnson failed to object entirely to either of the other two statements he complains of in his sixth point of error. Accordingly, he has also failed to preserve error in connection with these statements.

In his seventh point of error, Johnson asserts that the prosecutor impermissibly attacked his credibility, improperly bolstered the State's witness, and improperly expressed his personal opinion that Johnson was a liar. However, Johnson failed to raise these objections to

14

the trial court at the time of the prosecutor's argument. Therefore, he failed to preserve error as to these complaints.

Johnson concedes his failure to object to improper jury argument at trial, but asserts that the alleged errors in jury argument constitute fundamental error. Again, however, Johnson fails to cite any authority, and we have found none, characterizing the State's alleged improper jury argument as systemic, waivable-only, or otherwise "fundamental" error. On the contrary, the court of criminal appeals has repeatedly emphasized that a defendant must object to preserve a complaint that the State's jury argument was improper. *See Mays v. State*, 318 S.W.3d 368, 394 (Tex. Crim. App. 2010), *cert. denied*, 131 S.Ct. 1606 (2011) (because appellant failed to object to propriety of prosecutor's jury arguments at trial, he failed to preserve any issue for appeal); *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (because appellant failed to object to jury argument at trial, he forfeited right to raise issue on appeal); *Mathis*, 67 S.W.3d at 926-27 (reaffirming rule that even if jury argument error could not be cured by instruction, defendant is still required to object and request mistrial). Accordingly, because Johnson failed to object at trial or pursue his objection to an adverse ruling, he forfeited his right to complain about improper jury argument on appeal. We overrule his sixth and seventh points of error.

### *Sufficiency of the Evidence*

In three points of error, Johnson challenges the sufficiency of the evidence to support the jury's guilty verdict. In his fourth and fifth points of error, he argues the evidence is legally and factually insufficient to support his conviction for possession of a controlled substance. We no longer employ distinct legal and factual sufficiency standards when reviewing the sufficiency of the

15

evidence to sustain a criminal conviction. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Instead, the only standard for determining whether the evidence proves the defendant's guilt beyond a reasonable doubt is the *Jackson* due-process standard. *Brooks*, 323 S.W.3d at 912; *see Griego v. State*, 337 S.W.3d 902 (Tex. Crim. App. 2011). In his third point of error, Johnson complains about the trial court's denial of his motion for instructed verdict. A challenge to a trial court's ruling on a motion for directed verdict constitutes a challenge to the sufficiency of the evidence to support the conviction. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). Accordingly, we address all three of these points of error concerning sufficiency of the evidence together, applying the same standard of review.

Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). When reviewing the sufficiency of the evidence to support a conviction, we consider all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009).

In determining the legal sufficiency of the evidence, we must consider all the evidence in the record, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or the defense. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Moff v. State*, 131 S.W.3d 485, 489-90 (Tex. Crim. App. 2004); *Allen v. State*, 249 S.W.3d 680, 688-89

(Tex. App.—Austin 2008, no pet.). We review all the evidence in the light most favorable to the verdict and assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Jackson*, 443 U.S. at 318; *see Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). A legal-sufficiency review requires us to defer to the jury's determinations of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. The jury, as exclusive judge of the facts, is entitled to weigh and resolve conflicts in the evidence and draw reasonable inferences therefrom. *Clayton*, 235 S.W.3d at 778; *see* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). Thus, when faced with a record of historical facts that supports conflicting inferences, we must presume that the trier of fact resolved any such conflicts in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326; *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010). We consider only whether the jury reached a rational decision. *See Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The standard of review on appeal is the same for both direct and circumstantial evidence cases. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). Circumstantial evidence is as probative as direct evidence in establishing guilt and may alone be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Every fact does not need to point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id.* So long as "the verdict is supported by a reasonable inference, it is within the province of the factfinder to choose which inference is most reasonable." *Laster*, 275 S.W.3d at 523. As with any question of circumstantial evidence and inference, "the jurors are free to use their common sense and apply

17

common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence." *Obigbo v. State*, 6 S.W.3d 299, 306 (Tex. App.—Dallas 1999, no pet.); *see Saenz v. State*, 976 S.W.2d 314, 322 (Tex. App.—Corpus Christi 1998, no pet.) ("Jurors are expected to draw upon their own experiences and common knowledge and apply them to the facts at hand."). In assessing the legal sufficiency of the evidence, we have a duty to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

To support a conviction for possession of a controlled substance, the State must prove, first, that the defendant exercised care, custody, control, or management over the substance and, second, that he knew the matter possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see* Tex. Health & Safety Code Ann. § 481.115(a). When the quantity of a substance possessed is so small that it cannot be measured, the State must prove—through evidence other than mere possession—that the defendant knew that the substance in his possession was a controlled substance. *King*, 895 S.W.2d at 703; *Shults v. State*, 575 S.W.2d 29, 30 (Tex. Crim. App. 1979).

In this case, the record reflects that law enforcement officers recovered a baggie containing trace amounts of methamphetamine from Johnson's wallet. Clearly, a rational jury could conclude that Johnson exercised care, custody, control, or management over the baggie containing the controlled substance, as it was in his wallet, which was in the pocket of his pants. Moreover,

18

Johnson confessed ownership of the baggie containing the methamphetamine stating, "I'm not denying it. It was mine. It was mine. Heck, yeah, it's mine."

The record also contains evidence, apart from his possession, demonstrating that Johnson knowingly possessed this baggie of methamphetamine. Two officers, one a drug-recognition expert, observed Johnson exhibit behaviors consistent with being under the influence of a CNS stimulant, such as methamphetamine. One of the officers followed him into the bathroom, where he heard Johnson make noises consistent with someone snorting methamphetamine. In addition, Johnson admitted to the officers during the search of his person that he had methamphetamine in his wallet, but it was gone. The evidence also showed that the baggie recovered from Johnson's wallet was commonly used for carrying methamphetamine. Further, while the baggie contained only trace amounts of methamphetamine, it was enough to be visible. Both officers saw residue amounts of the controlled substance in the baggie. Finally, Johnson admitted during his testimony at trial that he knowingly possessed methamphetamine.

We construe the evidence in the light most favorable to the verdict. From the evidence produced at trial, a rational jury could have inferred that Johnson knowingly carried methamphetamine in the baggie in his wallet and that the residue in the baggie was what remained after Johnson snorted the bulk of the methamphetamine in the bathroom during the game. A fact finder may support its verdict with reasonable inferences drawn from the evidence. *Laster*, 275 S.W.3d at 523; *Hooper*, 214 S.W.3d at 14. It is up to the factfinder to decide which inference is most reasonable. *Id.* We find that the evidence is sufficient to support Johnson's conviction for

possession of less than one gram of methamphetamine. Thus, the trial court did not err in denying Johnson's motion for directed verdict. We overrule his third, fourth, and fifth points of error.

### *Cruel and Unusual Punishment*

In his eighth point of error, Johnson claims that his sentence was grossly disproportionate to the offense underlying the conviction, resulting in cruel and unusual punishment in violation of the United States Constitution.

The Eighth Amendment to the U.S. Constitution, prohibiting cruel and unusual punishment, forbids extreme sentences that are "grossly disproportionate" to the crime. *See Graham v. Florida*, 130 S.Ct. 2011, 2021 (2010); U.S. Const. amend. VIII. However, to preserve a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *See Battle v. State*, 348 S.W.3d 29, 30-31 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (appellant waived complaint that imprisonment for life without parole for capital murder was "grossly disproportionate" punishment under Eighth Amendment because he failed to raise complaint to trial court); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (appellant waived argument that seven-year sentence for burglary of habitation was cruel and unusual punishment because appellant failed to raise issue to trial court); *Noland v. State*, 264 S.W.3d 144, 151-52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (failure to raise issue of gross disproportionality in punishment of 55 years' confinement and $10,000 fine for murder in objection at trial or motion for new trial waived right to raise issue on appeal); *see also* Tex. R. App. P. 33.1(a).

Johnson was required to make a timely objection to the trial court to preserve his complaint that his seven-and-one-half-year sentence is grossly disproportionate to the possession of a controlled substance offense. However, he did not object when the trial court imposed the sentence, nor did he complain of the sentence in any post-trial motion. Therefore, Johnson has failed to preserve this complaint for our review. We overrule his eighth point of error.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: May 4, 2012

Do Not Publish